

**DLA Piper LLP (US)**
1251 Avenue of the Americas, 27th Floor
New York, New York 10020-1104
www.dlapiper.com

Keara M. Gordon
keara.gordon@dlapiper.com
T 212.335.4632
F 212.884.8632

April 25, 2014

*VIA ECF*

The Honorable Raymond J. Dearie, USDJ
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Dover, et al. v. British Airways, PLC*, No. 1:12-cv-5567;
Plaintiffs' Request to Substitute Named Plaintiff Jonathan Stone

Your Honor:

On behalf of the defendant British Airways PLC ("BA"), we write in opposition to the plaintiffs' request for leave to substitute Jonathan Stone, a named plaintiff in the above-referenced putative class action, with Henry Horsey. For the following reasons, the plaintiffs' request is untimely, inappropriate, and respectfully, it should be denied.

As an initial matter, the plaintiffs' request is premature and may be denied on this basis alone. Courts do not permit a plaintiff, before a class certification motion has been made, to offer additional proposed representatives to hedge against potential shortcomings in the original plaintiff representative. *See Dietrich v. Bauer*, 76 F. Supp. 2d 312, 326 (S.D.N.Y. 1999) (request to designate new proposed class representatives before plaintiff class has been certified "is premature and without procedural foundation . . . [Plaintiff] wishes to add additional representatives to a class that does not exist. Indeed, [plaintiff] has not cited any . . . authority for the appointment of class representatives prior to certification of the alleged class that they would represent.").

Moreover, while motions to add a party under Rule 21 are guided by a liberal standard, they "'should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party.'" *Smith v. Manhattan Club Timeshare Ass'n*, 944 F. Supp. 2d 244, 256 (S.D.N.Y. 2013) (quoting *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008) (external citations omitted)). "Although delay alone does not warrant denial . . . a court 'plainly has discretion to deny leave to amend 'where the motion is made after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice the defendant.'" *Smith*, 944 F. Supp. 2d 244 at 256 (quoting *MacDraw, Inc. v. CIT Grp. Equip. Fin., Inc.*, 157 F. 3d 956, 962 (2d Cir. 1998); *Cresswell v. Sullivan & Cromwell*, 922 F.2d. 60, 72 (2d Cir. 1990)).



The plaintiffs have not offered any reason for their delay. Rather, their letter states only that Mr. Stone "no longer wished to be a plaintiff" for "personal reasons," and offers no explanation for the substantial delay in informing BA and the Court of this fact or the basis upon which Mr. Horsey would serve as an appropriate substitute. As such, this application falls well short of the satisfactory explanation that is required by the governing case law. *See MacDraw, Inc.*, 157 F.3d at 962 ("[t]he burden to explain a delay is on the party that seeks leave to amend."). And, the plaintiffs' assertion, *ipse dixit*, that BA would suffer no prejudice as a result of their proposed substitution is wrong. The plaintiffs' delays in discovery and this belated switch in named plaintiffs have prejudiced BA's ability to prepare its defenses and complete the plaintiffs' depositions in a timely manner.

- The plaintiffs' productions of Jonathan Stone's documents, in particular, were deficient. In certain instances, for example, Mr. Stone took separate hard copy pages of information and pasted them together crudely with other pieces of paper so that it was unclear whether the individual pages were stand-alone documents or pages ripped from one cohesive document. In other instances, the documents had been covered over with a piece of paper or envelope, such that significant portions of the page were unreadable, or had been manually blackened out without any explanation provided as to the basis for the removal of the content.

- During a meet-and-confer on March 21, 2014 with the plaintiffs' counsel to address these issues, the plaintiffs' counsel stated that the reason for the deficient production was that Mr. Stone's apartment had flooded and various of his responsive documents were damaged, but that they "were not sure" whether they could obtain Mr. Stone's responsive materials from another source within Mr. Stone's control, such as an online account, despite their obligation to do so. The next day, BA formally requested that the plaintiffs provide a supplemental production of Mr. Stone's documents with the improper redactions removed and the production issues cured. (*See* Exhibit A).

- The plaintiffs failed to do so and repeatedly ignored BA's multiple follow-up requests. Similarly, the plaintiffs ignored BA's repeated requests, throughout February and into March, to provide a date on which Mr. Stone would make himself available to be deposed. On March 14, the plaintiffs' counsel informed BA that it would confirm Mr. Stone's availability to be deposed "shortly", but they then failed to do so and ignored additional follow-up requests from BA on April 2, 4 and 9.

- BA sent another letter to the plaintiffs' counsel on April 10, 2014, requesting that the plaintiffs substitute their deficient discovery responses, provide a date on which Mr. Stone would be available for deposition and a time to meet-and-confer to finally resolve the plaintiffs' various discovery deficiencies. (*See* Exhibit B). The plaintiffs' counsel finally responded that they could not meet-and-confer until April 15, 2014, and BA made itself available at the time requested by the plaintiffs. (*See* Exhibit C).



- During the April 15, 2014 meet-and-confer, the plaintiffs informed BA, for the very first time: (a) that at some point during the prior several months, Mr. Stone informed them that he refused to continue to be a named plaintiff; (b) they had sought a replacement plaintiff; (c) they had identified Henry Horsey as a substitute for Mr. Stone; (d) they had asked for and collected documents from Mr. Horsey; and (e) they had called Your Honor's Chambers *ex parte* to inform the Court of these developments without reaching out to BA first. (*See* Exhibit C). Within minutes of surprising BA with this news, the plaintiffs filed their Request to the Substitute Named Plaintiff.

It was entirely inappropriate for the plaintiffs to sandbag BA in this matter; BA has incurred costs and attorneys' fees preparing for the deposition of a plaintiff who had decided months or weeks before to withdraw from this case. BA asked the plaintiffs to explain the basis for their undue delay and they refused. BA intends to depose Mr. Stone regarding these events.

For the foregoing reasons, the plaintiffs' request for leave to substitute Mr. Stone with Mr. Horsey should be denied. However, BA will withdraw its opposition to the plaintiffs' request for leave to substitute Mr. Stone for Mr. Horsey if BA can be assured that its original deposition scheduled for the named plaintiffs can be maintained and thus avoiding further prejudice. Specifically, BA will withdraw its objection if the plaintiffs agree to: (a) provide, on or before May 9, 2014, answers by Mr. Horsey to the interrogatories previously served on the other named plaintiffs; (b) provide, on or before May 9, 2014, all documents in Mr. Horsey's possession, custody or control, that are responsive to the document requests previously served on the other named plaintiffs; and (c) produce both Messrs. Horsey and Stone for depositions on or before June 6, 2014.

Respectfully submitted,

*Keara Gordon/em*

Keara M. Gordon