**Lieff Cabraser Heimann& Bernstein**

Attorneys at Law

Lieff Cabraser Heimann & Bernstein, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
t  212.355.9500
f  212.355.9592

June 26, 2014

David S. Stellings
Partner
dstellings@lchb.com

**VIA ECF**

The Honorable Marilyn D. Go, USMJ
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

        RE:     *Dover, et al. v. British Airways PLC*, No. 1:12-cv-5567

Your Honor:

      Plaintiffs in the above-captioned action seek the Court's assistance regarding the production of certain disputed requests for production of documents ("RFPs") served on Defendant British Airways PLC ("BA").  The parties have exchanged numerous letters and have met and conferred (telephonically and in-person) to resolve most outstanding discovery disputes, but several remain.  Plaintiffs therefore respectfully move the Court to compel production of all relevant, non-privileged documents responsive to the following requests:

**Documents establishing that BA changes fares many hundreds or thousands of times each day, thus establishing that BA could have changed the "fuel surcharge" more frequently without interrupting its ordinary business operations, had it wished to do so**.  *See* Ex. A (2nd RFPs No. 15: seeking the number of times that changes were made); *see id*. 2nd RFPs No. 16: seeking the methodology BA uses to make these changes, including which parts of the process are fully automated).[1]

      BA maintains that these RFPs are irrelevant to Plaintiffs' allegations about the Fuel Surcharge, but it is incorrect.[2]  BA has told the Court that it would have been difficult for BA to change its Fuel Surcharges on a frequent basis to more accurately reflect BA's changing cost of jet fuel. (*See* Dkt. No. 26: BA Mot. to Dismiss Br. at 2, 5-6.)  Evidence regarding the ability of BA's systems to change fares frequently, as well as information about how often BA actually did

---

[1] Exhibit A summarizes the disputed RFPs.  For the Court's convenience, Plaintiffs have also attached the Requests in full (Exhibit B: Second Set of Requests for Production; Exhibit C: Third Set of Requests for Production).

[2] In addition to its claim that fare-related information is irrelevant, BA also claims that it does not have documents responsive to these RFPs.  *See* June 18, 2014 Letter (Ex.D) at 3.  For that reason, Plaintiffs have served a 30(b)(6) Deposition Notice on these same topics.  If the Court finds that these RFPs seek irrelevant information, Plaintiffs will withdraw the notice.

Honorable Marilyn D. Go
June 26, 2014
Page 2

change its fares during the Class Period, will help Plaintiffs and the Court to determine whether BA and its systems had the ability to change BA's Fuel Surcharges more frequently, to reflect changing fuel costs.

BA refused to address this straightforward rationale for these RFPs.  (*See* Ex. D at 3.) Instead, BA again asked Plaintiffs to identify contractual language that required BA to change its Fuel Surcharges on a certain schedule.  But BA misses the point.  Plaintiffs do not argue that BA had to change its Fuel Surcharges on a particular schedule, but rather that any Fuel Surcharge BA levied had to be based on the cost of fuel.  BA's ability to modify the Fuel Surcharge in a timely manner to reflect its fuel costs bears on whether the Fuel Surcharges accurately reflected the cost of fuel.  Along the same lines, BA's ability during the Class Period to change its fares quickly to react to marketplace conditions is evidence that BA's system similarly would have allowed BA to change its Fuel Surcharges more frequently than it did, to better reflect the cost of fuel.[3]

**Documents establishing that the fuel surcharge was higher than the actual fare on many routes**.  *See* Ex. A (2nd RFPs No. 19: seeking the ratio between the surcharge and fare on five particular routes); *see id.*: 3rd RFPs No. 3 (seeking the lowest round-trip fare charged to any passenger on 25 particular routes).

BA refuses to produce documents in response to these requests because it claims that such documents are irrelevant.  BA is wrong.  Plaintiffs will demonstrate with the requested documents that the Fuel Surcharge—which by definition was supposed to protect BA only from unexpected swings in the cost of jet fuel—in fact was a profit center for BA, evidenced by the fact that the "fuel surcharge" considerably exceeded the "fare" on many routes.  These RFPs—which BA does not argue cause any undue burden—are therefore reasonably calculated under Rule 26 to lead to the discovery of admissible evidence in support of Plaintiffs' breach of contract claim.

**Documents establishing that BA pays revenue from the "fuel surcharge" to other airlines, rather than using it to offset the price of fuel**.  *See* Ex. A (2nd RFPs No. 13.

During the December 11, 2013 30(b)(6) organizational structure deposition, BA testified that it pays some of its Fuel Surcharge revenue to partner airlines, and that these partner airlines set BA's Fuel Surcharge in certain markets.  The testimony indicates that BA paid revenue derived from the Fuel Surcharge to other airlines for reasons unrelated to offsetting BA's cost of fuel.  If true, this supports Plaintiffs' core allegation that the Fuel Surcharge does not reflect the BA's cost of fuel, but rather incorporates other factors not authorized under BA's contract with its frequent fliers.

---

[3] BA does not argue that these RFPs are unduly burdensome.

Honorable Marilyn D. Go
June 26, 2014
Page 3

BA claims that this request is not relevant, and asks Plaintiffs to demonstrate that BA is forbidden from entering into "revenue sharing agreements with other airlines."[4]  This response is unpersuasive.  Plaintiffs do not make any contentions about BA's revenue sharing agreements generally.  Plaintiffs do contend, however, that BA's Fuel Surcharge must reflect BA's cost of fuel:   this RFP seeks evidence that the Fuel Surcharge is based on factors other than BA's fuel costs.  Plaintiffs' request is thus plainly relevant under Rule 26, and BA has not met its burden to prove the contrary.  *See, e.g.*, *Adkins v. Morgan Stanley*, 12 Civ. 7667, 2014 U.S. Dist. LEXIS 77556, at \*4-5 (S.D.N.Y. May 26, 2014) ("Where a party objects to a discovery request, the objecting party bears the burden of demonstrating specifically how, despite the broad and liberal construction afforded the federal discovery rules, each [request] is not relevant or how each question is overly broad, . . ." (citation and internal quotation marks omitted)).

Plaintiffs respectfully request a hearing or telephonic conference with your Honor to discuss the discovery issues raised above.

Very truly yours,

David S. Stellings

Nicholas Diamand
Jason L. Lichtman
Douglas I. Cuthbertson

**LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP**

cc: All Counsel of Record

1181500.4

---

[4] *See* June 18, 2014 Letter from Colleen M. Carey to Jason L. Lichtman (Exhibit D); *see also* May 19, 2014 Letter from Jason L. Lichtman to Colleen M. Carey (Exhibit E).