**Lieff**
**Cabraser**
**Heimann &**
**Bernstein**

Attorneys at Law

Lieff Cabraser Heimann & Bernstein, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413
t 212.355.9500
f 212.355.9592

July 7, 2014

David S. Stellings
Partner
dstellings@lchb.com

**VIA ECF**

The Honorable Marilyn D. Go, USMJ
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> RE:   *Dover, et al. v. British Airways PLC*, No. 1:12-cv-5567

Your Honor:

Plaintiffs write in further support of Plaintiffs' motion to compel production (*see* Dkt. No. 82) of certain disputed requests for production ("RFPs") served on Defendant British Airways PLC ("BA").

## Fare Change Documents (2nd RFPs No. 15 & 16).

As explained in Plaintiffs' initial brief (Dkt. 82), they seek an order compelling production of documents demonstrating that BA changed its fares frequently during the class period. These documents are relevant because if BA changed its fares frequently during the class period, it also was able to change its Fuel Surcharges frequently (so that the Fuel Surcharges could have more accurately reflected BA's fuel costs). In response, BA argues that has never stated that it could not change the Fuel Surcharges on a more frequent basis. (*See* Dkt. No. 84: BA Resp. Mot. at 2.)

But BA's apparent admission in its response brief—i.e., that it could have changed the Fuel Surcharges more frequently—is not evidence, much less evidence demonstrating that BA changes fares many hundreds of times each day. BA's ability to change its Fuel Surcharges in response to market conditions is directly relevant to Plaintiffs' claim that BA's Fuel Surcharges did not accurately reflect BA's fuel costs and will likely be directly relevant to Plaintiffs' damages model, which likely will include an assumption about the number of times it would have been commercially reasonable to change the Fuel Surcharges.

Plaintiffs thus respectfully ask this Court to overrule BA's relevancy objection.

Honorable Marilyn D. Go
July 7, 2014
Page 2

## **Fare Ratio Documents (2nd RFPs No. 19; 3rd RFP No. 3).**

Plaintiffs also seek an order compelling production of documents that will demonstrate that its Fuel Surcharges comprise a significantly larger portion of the ticket than the "fare." Plaintiffs expect that these documents will show that BA's "Fuel Surcharges" sometimes comprise 75% or more of the entire ticket cost (e.g., on a $1,000 ticket between New York and London, $750 or more could be the "Fuel Surcharge"). BA contends that these documents are not relevant because BA is not required to set the Fuel Surcharges "on a more granular level or to maintain any particular ratio between the fuel surcharge and fares." (BA Resp. Mot. at 2.)

The response misses the point in two senses. First, BA's repeated insistence that the relevant contract does not require any particular course of conduct is unavailing. This was one of BA's arguments in support of its motion to dismiss Plaintiffs' claims, and BA's motion was denied. Plaintiffs have plausibly alleged that BA was required to levy Fuel Surcharges that reflected BA's cost of fuel (and was not permitted to use Fuel Surcharges as a profit center).

Second, Plaintiffs have never argued that BA was required to maintain a specific ratio between the Fuel Surcharges and the fare, but Plaintiffs <u>do</u> allege that the Fuel Surcharges must actually reflect BA's fuel costs. Because these documents will demonstrate that the Fuel Surcharges were sometimes higher than the "fare," they will help support Plaintiffs' claims that BA's "Fuel Surcharges" were not fuel surcharges at all, but rather "Revenue Enhancement" charges. These requests therefore directly support Plaintiffs' breach of contract claim.

\*       \*       \*

In this section of its briefing, BA also argues that Plaintiffs have yet to articulate precisely what BA should have done in specific terms. This is true, but that is precisely why Plaintiffs seek this information from BA: Plaintiffs' damages theory will depend in part on information responsive to these discovery requests.[1]

At bottom, these RFPs are clearly relevant and BA has failed to show the contrary. *See, e.g., Sasikumar v. Brooklyn Hosp. Ctr.*, 09 Civ. 5632, 2011 U.S. Dist. LEXIS 46768, at \*4-5 (E.D.N.Y. Apr. 29, 2011) (granting motion to compel and noting: "[w]here a party objects to a discovery request, the objecting party bears the burden of demonstrating specifically how, despite the broad and liberal construction afforded the federal discovery rules, each [request] is not relevant . . . ." (citation and internal quotation marks omitted)); *Adkins v. Morgan Stanley*, 12 Civ. 7667, 2014 U.S. Dist. LEXIS 77556, at \*4-5 (S.D.N.Y. May 26, 2014) (same). BA

---

[1] BA admits that these requests cause it no undue burden, but adds that if "plaintiffs intend to seek fare information more broadly, that would impose significant burdens on BA." BA Resp. Mot. at 2 n.5. But the parties have already agreed to the search terms that would be used to locate documents responsive to these disputed requests, and BA agreed that these terms were not burdensome. Resolution of disputed RFPs thus cannot cause any undue burden to BA.

Honorable Marilyn D. Go
July 7, 2014
Page 3

misdescribed the law when it stated that it need not support its objections with specificity.  (*See* BA Resp. Mot. at 1, 1 n.2.)

## Documents Establishing that BA Paid Fuel Surcharge Revenue to Other Airlines (2nd RFPs No. 13).

This RFP seeks evidence that BA based its Fuel Surcharges on arrangements with other airlines.  It is relevant to Plaintiffs' breach of contract claim because BA has already testified that it was paying Fuel Surcharge revenue to other airlines, and these documents will demonstrate precisely how much of the revenue collected as part of BA's Fuel Surcharges were used for that purpose.  This is highly relevant to Plaintiffs claims because revenue used to pay other airlines plainly was not used to offset the cost of fuel.

In response, BA argues that Plaintiffs have not shown that BA was prohibited "from entering into revenue sharing agreements with other airlines."  In context, this is a non-sequitur.  Plaintiffs make no allegations about BA's revenue sharing agreements generally, but seek only relevant information about these arrangements in support of Plaintiffs' breach of contract claim (i.e., the amount of the Fuel Surcharges BA paid to other airlines).

## BA's Mootness Argument Should be Rejected

BA argues that three of the above RFPs (2nd RFP Nos. 15-16 and 19) are moot because BA informed Plaintiffs that it does not have any documents responsive to these Requests; e.g., that it does not have documents that would allow Plaintiffs to determine how frequently BA changed its fare.  (BA Resp. Mot. at 1.)  Plaintiffs respectfully ask that BA's mootness argument be rejected in the interest of efficiency because Plaintiffs served a 30(b)(6) Deposition Notice regarding these same subjects.  *See* Ex. 1 (attaching notice).[2]  BA's relevance objection presumably applies equally to these depositions.  Plaintiffs, of course, would withdraw their motion to compel as to 2nd RFP Nos. 15-16 and 19 if BA will agree to make a witness available in response to the deposition notice.

Plaintiffs look forward to discussing these issues with the Court on July 10, 2014.

---

[2] Plaintiffs respectfully suggest that this is particularly appropriate given that Plaintiffs have not objected to the Court's consideration of BA's current Motion to Compel (Dkt. No. 81.), notwithstanding that BA failed to comply with the Local Rules prior to filing it (*see* Dkt. No. 83 at 1).

Honorable Marilyn D. Go
July 7, 2014
Page 4

Very truly yours,

David S. Stellings

Nicholas Diamand
Jason L. Lichtman
Douglas I. Cuthbertson

**LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP**

cc: All Counsel of Record

1183833.3