

DLA Piper LLP (US)
1251 Avenue of the Americas, 27th Floor
New York, New York 10020-1104
www.dlapiper.com

Keara M. Gordon
keara.gordon@dlapiper.com
T   212.335.4632
F   212.884.8632

August 4, 2014

*VIA E-FILING*

The Honorable Marilyn D. Go.
United States Magistrate Judge
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Room 1214-S
Brooklyn, NY 11201

Re:   *Dover, et al. v. British Airways PLC*, No. 1:12-cv-5567

Your Honor:

      We represent the defendant British Airways Plc ("BA") in the above-referenced matter. We are writing, in advance of the hearing scheduled for August 11, to provide an update to the Court on the parties' discussions since the motion hearing on July 10, 2014 (the "Hearing"). At the Hearing, Your Honor instructed the plaintiffs to provide a proposal to BA "as to how you would narrow discovery" related to the fare-related requests that were the subject of the plaintiffs' motion to compel (the "Motion"). (Hr'g Tr. at 28:6-10 Ex. A.) The Motion sought discovery for a more than six-year time period of: (a) the number of times each day that BA changed the fares of its routes worldwide; (b) the methodology BA used to change the fare for its routes worldwide; (c) the ratio of BA's fuel surcharge to its fares for five routes; and (d) the lowest fare offered on 25 routes.

      On July 17, 2014, the plaintiffs proposed that BA: (a) provide information regarding these requests for every other month of the putative class period instead of every month, as previously requested; and (b) provide information for the 25 routes listed in Request for Production No. 3 of the Plaintiffs' Third Request for Production of Documents, dated March 28, 2014 instead of all of BA's worldwide routes. As to a temporal limitation, the plaintiffs informed BA that they could only agree to reduce the number of months in a given year that information would have to be provided; they could not agree to exclude entire years because, they stated, they had to ensure a statistically significant sampling. Similarly, the plaintiffs stated that the 25 routes they proposed were necessary to produce a statistically significant sampling and asserted that those routes represented the most frequently travelled routes by members of the putative class during the putative class period. The named plaintiffs traveled only seven of these routes during the putative class period.



The Honorable Marilyn D. Go.
August 4, 2014
Page Two

BA appreciates any attempt to reduce the burden and cost of discovery on BA, which has grown exponentially as the plaintiffs' discovery requests have sprawled into more and more areas (which BA strongly believes are irrelevant). Already, BA has expended thousands of attorney hours and hundreds of thousands of dollars reviewing hundreds of thousands of documents for potential production in this matter, as well as defending, to date, five 30(b)(6) depositions. Just last Friday, BA began its rolling production of documents, and to date, it has produced more than 91,000 pages of documents.

Unfortunately, however, the plaintiffs' proposal would not meaningfully reduce BA's burden to respond to the fare-related requests. A temporal limitation that simply decreases the number of months per year will not reduce BA's burden because BA must still collect and review information for the entire putative class period and then segregate such information by month. BA would also have to analyze the entirety of the data in order properly to respond to the plaintiffs' assertions.

Similarly, the selection of 25 routes will not reduce BA's burden because BA has already collected documents on all of BA's routes in compliance with this Court's directive to conduct worldwide discovery. Since the information has already been collected and processed, but not yet reviewed, the burden involved with the plaintiffs' proposal is actually greater because BA would now have to segregate the previously-collected information for those routes yet to be agreed upon by the parties.

Moreover, BA does not agree that the 25 routes proposed by the plaintiffs are appropriate. The plaintiffs offer no basis for the selection of these routes other than to claim, without foundation, that those are routes most traveled by putative class members and would provide a sufficiently representative sample. There is no reason to think either statement is correct or would ensure that the discovery would fairly represent the universe of information.

As a result, BA was unable to agree to the plaintiffs' proposal.

BA is available at the Court's convenience to address any questions the Court may have about these discovery matters.



The Honorable Marilyn D. Go.
August 4, 2014
Page Three

                                            Respectfully Submitted,

                                            Keara M. Gordon

Enclosure

cc: All Counsel of Record (by electronic filing)