**Lieff
Cabraser
Heimann &
Bernstein**
Attorneys at Law

Lieff Cabraser Heimann & Bernstein, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
t  212.355.9500
f  212.355.9592

August 8, 2014

David S. Stellings
Partner
dstellings@lchb.com

**VIA ECF**

Magistrate Judge Marilyn D. Go
United States District Court
225 Cadman Plaza East
Room 1214-S
Brooklyn, New York 11201

RE:  *Dover et al. v. British Airways PLC*
Case No. 1:12-cv-5567

Your Honor:

Plaintiffs write in response to Defendant British Airways Plc's ("BA's") August 4, 2014 letter sent to the Court (Dkt. No. 91) following the July 10, 2014 hearing on the parties' motions to compel (the "Hearing").

Plaintiffs' motion (Dkt. No. 82) relates to discovery about three subject matters: (1) documents sufficient to establish how often and the manner in which BA changed its fares (2nd RFP Nos. 15 & 16); (2) documents sufficient to show that BA's fuel surcharge is often higher than the fare (2nd RFP No. 19 and 3rd RFP No. 3); and (3) documents sufficient to establish the extent to which BA pays revenue derived from its fuel surcharge to other airlines rather than offsetting the price of fuel (2nd RFP No. 13).

At the Hearing, the Court held that all of the disputed requests seek relevant information (though not necessarily information admissible at trial), and asked the parties to work collaboratively to narrow, if possible, the scope of document collection as to subject matters (1) and (2) by route and/or time period:

The Court:  "[A]ll I'm asking is whether or not the parties might be able to talk about a narrower scope of discovery …." (Tr. at 25:20-22; *see also* Tr. at 22: 17-23.)

Magistrate Judge Marilyn D. Go
August 8, 2014
Page 2

Plaintiffs' Counsel: "[Plaintiffs are] always looking for ways to make this litigation run as efficiently as possible and that includes not seeking discovery broader than we absolutely need. And so I will commit to you that we will continue to talk with BA's lawyers about ways to keep discovery efficient." (Tr. at 28: 18-22.)

BA's Counsel: "[BA is] happy to entertain any proposal from the Plaintiffs to narrow the scope of discovery as you had suggested." (Tr. at 29: 9-11.)

On July 15, Plaintiffs proposed to BA a narrower framework for the document requests at issue. We suggested that BA collect and produce relevant documents for every other month rather than for every month of the Class Period (a 50% reduction in scope), and that BA produce documents related to only 25 specific routes, instead of the hundreds of worldwide routes that Plaintiffs had sought in the original requests. (*See* Ex. A: 7/15/14 D. Cuthbertson email.) Plaintiffs spoke with BA by phone on July 17, 2014 to explain the rationale behind the narrowed requests.

BA subsequently informed Plaintiffs that, given the stage of BA's document review process, such limitations would not, in fact, reduce its production burden. It stated that given the current status of BA's collection efforts, excluding every other month and all but 25 of its worldwide routes would increase, rather than decrease, BA's production burden. Plaintiffs asked for a counter-proposal; BA stated that it did not have one, and that once the Court enters an order on the motion to compel, BA would produce documents in response to the documents requests with no narrowing. BA then filed its August 4 letter to notify the Court of the parties' unsuccessful attempts to narrow the document requests at issue.

After reviewing BA's August 4 letter after it had been filed, Plaintiffs yesterday again reached out to BA to confirm that there is no meaningful middle ground that might narrow BA's production, but still provide sufficient discovery consistent with the Court's findings at the Hearing. BA stated that it still did not have a counter-proposal to narrow the document requests.

Magistrate Judge Marilyn D. Go
August 8, 2014
Page 3

Perhaps more importantly, BA confirmed that it would be unwilling to stipulate that any narrowed temporal or geographic production would be representative of the entire class period or of its worldwide flights. Given BA's refusal to stipulate, combined with Your Honor's repeated admonitions at the Hearing that any narrowing of requests would have to be accompanied by BA's stipulation that the documents produced are representative samples of the larger universe of documents, (*see, e.g.,* Tr. at 22-23: 23-25 and 1-6; Tr. at 24: 11-15; Tr. at 26: 20-25 and 1-3), it appears that narrowing these particular requests would not further the Court's goal of streamlining discovery.

Plaintiffs note that BA has never claimed – and still does not claim – that any of the disputed requests are *unduly* burdensome. (*See* Dkt. No. 85 at 2 n.3.) In fact, as discussed during the Hearing, the parties worked for months in advance of review and production with a vendor, H5, who proposed a series of search terms to reduce any potential burden as much as possible. BA objected to a number of the proposed search terms on burden grounds; Plaintiffs agreed to eliminate every single search term to which BA objected. Thus, the parties put any disagreements regarding burden behind them as they disputed the relevancy of certain requests (including requests that relate to BA's fares).

Plaintiffs understand that at this point in the discovery process and in accordance with the parties' previous discussions, producing all responsive documents to the requests at issue will be easier, cheaper and quicker for BA than producing a narrower group of documents would be. Plaintiffs stand ready to review those materials as soon as they are produced.

                                        Respectfully submitted,

                                        David S. Stellings

                                        Nicholas Diamand
                                        Jason L. Lichtman
                                        Douglas I. Cuthbertson

DSS:wp