**Lieff
Cabraser
Heimann&
Bernstein**

Attorneys at Law

Lieff Cabraser Heimann & Bernstein, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413
t 212.355.9500
f 212.355.9592

August 14, 2014

David S. Stellings
Partner
dstellings@lchb.com

**VIA ECF**

Magistrate Judge Marilyn D. Go
United States District Court
225 Cadman Plaza East
Room 1214-S
Brooklyn, New York 11201

> RE:    *Dover et al. v. British Airways PLC*
>         Case Nos. 1:12-cv-5567, 1:14-cv-4710

Your Honor:

Plaintiffs and non-party Allison Vasallo write regarding Defendant British Airways Plc's ("BA's") motion (the "Motion") to compel Ms. Vasallo's compliance with a deposition and document subpoena (the "Subpoena").  (*See* Ex 1 (1:14-cv-4710, Dkt. No. 1).)  BA filed the Motion in the Western District of Washington; on August 7, 2014 that case was transferred to the Eastern District of New York pursuant to FRCP 45(f).  (*See* Ex. 2 (1:14-cv-4710, Dkt. Nos. 14-15).)  On August 11, 2014 the case was reassigned to this Court.[1]

BA filed its reply in support of the Motion on July 18, 2014 and impermissibly raised a new argument in support of the Motion: that Ms. Vasallo can be deposed as "a putative class member" because "her experience as a member of the Executive Club is relevant to various issues concerning class certification, including and not limited to, the commonality and typicality of the lead plaintiffs' claims."  (*See* Ex. 4 (1:14-cv-4710, Dkt. No. 13 at 2, 4-5).) In its opening Motion, BA only argued that Ms. Vasallo should comply with the Subpoena because she is a "percipient witness."  (*See* Ex. 1 at 6.)  Ms. Vasallo therefore never had the opportunity to address this argument in her opposition to BA's motion.  (*See generally* Ex. 5 (1:14-cv-04710, Dkt. No. 8).)

This Court should therefore disregard BA's newly raised absent class member argument.  *See, e.g., Colon v. City of New York*, 11 Civ. 173, 2014 U.S. Dist. LEXIS 46451, at *28-30 (E.D.N.Y. Apr. 2, 2014) ("The Second Circuit has clearly stated that arguments raised for the first time in reply papers or thereafter are properly ignored.") (citing Watson v. Geithner, 355 F. App'x 482, 483 (2d Cir. 2009)).

---

[1] Plaintiffs and Ms. Vasallo also moved for a protective order to quash the Subpoena before this Court pursuant to Fed. R. Civ. P. 26(c).  (*See* Ex. 3 (Dkt. No. 87).)

Magistrate Judge Marilyn D. Go
August 14, 2014
Page 2

In addition, courts within the Second Circuit generally deny discovery sought from absent class members. *See, e.g.*, *Corpac v. Rubin & Rothman, LLC*, 10 Civ. 4165, 2012 U.S. Dist. LEXIS 99977, at *5 (E.D.N.Y. July 18, 2012) (denying subpoena served on absent class member in absence of "strong showing of the need for the particular discovery" and because the subpoena was not narrowly tailored and therefore burdensome to the absent class member.); *Cassese v. Wash. Mut., Inc.*, 05 Civ. 2724, 2011 U.S. Dist. LEXIS 102332, at *4 (E.D.N.Y. Sept. 12, 2011) ("The Federal Rules of Civil Procedure do not provide for discovery from absent class member as parties.") (citation omitted).

Furthermore, BA has not made a "strong showing" for discovery from Ms. Vasallo who has no substantive connection to this litigation. Indeed, BA has consistently failed to articulate a legitimate rationale for the Subpoena which it served solely to harass Ms. Vasallo and her husband plaintiff Cody Rank (Ms. Vasallo and Mr. Rank were recently married). (*See* Ex. 3 at 2-3; Ex. 4 at 6-8.) The Subpoena should therefore be quashed.

Plaintiffs and Ms. Vasallo are available to discuss these issues with your Honor at the Court's convenience.

Respectfully submitted,

David S. Stellings

Nicholas Diamand
Jason L. Lichtman
Douglas I. Cuthbertson

DSS:wp
1190420.1

# EXHIBIT 1

THE HONORABLE _____

14-MC-00056-M

_____ FILED _____ ENTERED
_____ LODGED _____ RECEIVED

SA    JUL 03 2014

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

**MS 14-56** RSL

| | |
|---|---|
| RUSSELL DOVER, JONATHAN STONE, CODY RANK, and SUZETTE PERRY, on behalf of themselves and others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> BRITISH AIRWAYS, PLC (UK), <br><br> Defendant. | Underlying Litigation: <br> Case No. 12-CV-5567 (RJD) (MDG) <br> United States District Court <br> Eastern District of New York <br><br> **DEFENDANT BRITISH AIRWAYS PLC'S MOTION TO COMPEL NON-PARTY ALLISON VASALLO TO COMPLY WITH SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS AND TO TESTIFY AT A DEPOSTION IN A CIVIL ACTION** <br><br> **NOTE ON MOTION CALENDAR:** <br> July 18, 2014 |

## I.    INTRODUCTION

Defendant British Airways PLC ("BA") respectfully submits this motion and the accompanying Declaration of Colleen M. Carey ("Carey Decl."), pursuant to Federal Rule of Civil Procedure 45, in order to compel compliance by Allison Vasallo with the Subpoena to Produce Documents, Information, or Objects and to Testify at a Deposition in a Civil Action (the "Subpoena") issued in connection with the above-referenced action.

This action, which is pending in the United States District Court for the Eastern District of New York, is a putative class action brought by members of BA's frequent flier program

DEFENDANT BRITISH AIRWAYS PLC'S
MOTION TO COMPEL  - 1
Case No. _____

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044 | Tel: 206.839.4800

1  (the "Executive Club"), who claim BA breached its contract with members by assessing a "fuel

2  surcharge" for redemption tickets.  Cody Rank is one of four named plaintiffs in the action.

3        On May 23, 2014, BA deposed Mr. Rank.  Mr. Rank testified repeatedly that his

4  fiancée, Allison Vasallo, was a percipient witness to the redemption travel that forms the basis

5  of Mr. Rank's allegations in the Class Action Complaint ("Complaint").  BA therefore served

6  properly Ms. Vasallo with a non-party subpoena to obtain her relevant documents and

7  testimony.

8        Despite being a percipient witness and clearly possessing information relevant to the

9  plaintiffs' claims and BA's defenses, Ms. Vasallo has refused to produce any documents or

10  appear for a deposition.  As explained below, Ms. Vasallo's objections are without merit and

11  she should be compelled to comply with the subpoena.

12  **II.  STATEMENT OF FACTS**

13        This is a putative class action brought by members of BA's Executive Club who

14  purchased redemption travel with frequent flier miles from November 9, 2006 to April 17,

15  2013. (*See* Compl. ¶ 56, Carey Decl. Ex. A.)  The plaintiffs assert that BA breached its

16  contract with members of the Executive Club by assessing a "fuel surcharge" for redemption

17  travel. (*Id.* ¶¶ 1-11, 36-55, 74-76.)  According to the plaintiffs, the "fuel surcharge" constituted

18  a breach of the contract with the Executive Club members because it was not imposed by "a

19  person or relevant authority or body" and was unrelated to the fluctuating price of fuel. (*Id.*)

20        Ms. Vasallo is the fiancée of one of the named plaintiffs in this action, Cody Rank. (*See*

21  Pl. Cody Rank's Resps. to Def.'s First Set of Interrogs., dated January 21, 2014, at 9-10, Carey

22  Ex. B.)  Mr. Rank has consistently identified Ms. Vasallo as a percipient witness to the events

23  set forth in the Complaint.  First, in his response to Interrogatory No. 8 of the Defendant's First

24  Set of Interrogatories, which asked Mr. Rank to "[s]tate with specificity Your relationship with

25  any Putative Class Members or any other Person who has booked Reward Travel," Mr. Rank

26  admitted that "his fiancé[e], Allison Vasallo, travelled with him on the flights identified in

DEFENDANT BRITISH AIRWAYS PLC'S
MOTION TO COMPEL - 2
Case No. _____

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044 | Tel: 206.839.4800

1    paragraphs 26 and 27 of the Complaint and is or was a member of the Executive Club." (Carey
2    Ex. E at 9-10.)  Similarly, Mr. Rank identified Ms. Vasallo as an individual with whom he
3    "Communicated about the case…while informing her of the course of the litigation (when the
4    Complaint was filed, and Defendants' motion to dismiss was denied)." (*See* Pl. Cody Rank's
5    Supp. Resps. to Defs.' Interrogs. One, Two, Ten through Nineteen, and Twenty One Through
6    Twenty Four., dated Feb. 27, 2014, at 5, Carey Ex. C.)

7            Then, BA deposed Mr. Rank on May 23, 2014, and during his deposition, Mr. Rank
8    testified repeatedly that Ms. Vasallo was involved substantially in Mr. Rank's decision to
9    redeem his frequent flier miles for redemption travel and his decision to pay the fuel surcharge.
10   Specifically, Mr. Rank testified that:

11           • He joined BA's Executive Club with the intention of obtaining enough points to
12              "take a trip to Europe with [his] fiancée." (May 23, 2014 Dep. Tr. of Cody
13              Rank at 60:11-13, Carey Decl. Ex. D.)

14           • After he called BA to book the redemption travel for himself and Ms. Vasallo,
15              he "spoke with [his] fiancée about the costs" and "whether or not it would still
16              be worth it to take the trip." (*Id.* at 79:19-25; *see also id.* at 77:21-24.)

17           • He could not recall what Ms. Vasallo said to him specifically, only that
18              generally "they agreed to go ahead and book the tickets." (*Id.* at 80:5-81:14.)

19           • Ms. Vasallo was also a member of BA's Executive Club and participated in the
20              decision to use the frequent flyer miles they both had accumulated to book
21              reward travel. (*Id.* at 140:11-15.)

22           • He booked reward travel using Ms. Vasallo's frequent flyer miles. (*Id.* at 141:7-
23              21.)

24           • He has spoken with Ms. Vasallo generally about this matter, including
25              discussions about the fuel surcharge specifically. (*Id.* at 147:21-25, 150:18-
26              151:3.)

DEFENDANT BRITISH AIRWAYS PLC'S
MOTION TO COMPEL  - 3
Case No. _____

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044 | Tel: 206.839.4800

1        • He could not recall whether Ms. Vasallo checked to see whether she had ever

2          paid a fuel surcharge in the past. (*Id.* at 151:6-13.)

3    Shortly after Mr. Rank's deposition, on June 4, 2014, BA served the Subpoena on

4  Ms. Vasallo, requesting her attendance at a deposition on July 14, 2014, at the offices of DLA

5  Piper in Seattle, Washington. (Subpoena, Carey Decl. Ex. E.)  The Subpoena also propounded

6  six narrowly-tailored document requests, which seek information directly relevant to Mr.

7  Rank's interrogatory response and deposition testimony.  Specifically, the Subpoena seeks

8  communications between Ms. Vasallo and Mr. Rank (Request Nos. 1-3) or BA (Requests Nos.

9  4-6) concerning redemption travel, the Executive Club, and the fuel surcharge. (*See generally*

10  *id.*, Schedule A at 4.)

11    On June 18, 2014, counsel for the plaintiffs, who also represent Ms. Vasallo, served Ms.

12  Vasallo's Objections to Defendant's Rule 45 Subpoena to Produce Documents and to Testify at

13  Deposition in a Civil Action (the "Objections").  Ms. Vasallo objected to the "date and time set

14  for the deposition because it conflicts with [her] availability." (Objections at 4, Carey Decl.

15  Ex. F.)  Ms. Vasallo also refused to produce documents primarily on the basis of relevance,

16  burden, duplication, harassment, and custody.  Specifically, the Objections for Requests Nos. 1-

17  3, which seek communications between Ms. Vasallo and Mr. Rank, stated:

18        Communications about [Reward Travel, the Executive Club, or the Fuel
          Surcharge] between Ms. Vasallo (a non-party) and her fiancé, plaintiff Cody
19        Rank, are not relevant to any party's claims or defenses, and therefore unduly
          burdensome to Ms. Vasallo, who has no substantive connection to this putative
20        class action, a breach of contract suit regarding [BA's] levy of a Fuel Surcharge
          on its frequent fliers.  Ms. Vasallo also objects on the ground of Duplication;
21        [BA] has already deposed Mr. Rank and was permitted to, and did ask, about all
          conversations between Mr. Rank and Ms. Vasallo regarding the subject matter
22        of this action.  Finally, Ms. Vasallo objects on the grounds of Harassment
          because the Subpoena serves no purpose, other than to punish Mr. Rank – via
23        his fiancée – for serving as a plaintiff, and to discourage others from doing the
          same.

24  (*Id.* at 4-6.)

25    Ms. Vasallo also refused to produce documents responsive to Requests Nos. 4-6, which

26  seek communications between Ms. Vasallo and BA, again raising objections on the basis of

DEFENDANT BRITISH AIRWAYS PLC'S
MOTION TO COMPEL  - 4
Case No. _____

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044 | Tel: 206.839.4800

1  relevance, burden and harassment. However, Ms. Vasallo asserts a custody objection in place
2  of the duplication objection as follows: "Ms. Vasallo . . . objects on the grounds of Custody, to
3  the extent that BA seeks documents already in the possession, custody, or control of BA and/or
4  equally available from a source that is more convenient or less burdensome than from Ms.
5  Vasallo." (*Id.* at 6-8.)

6        Pursuant to Federal Rule of Civil Procedure 37, the parties participated in a meet-and-
7  confer on June 20, 2014. (Carey Decl. ¶ 2.) The plaintiffs' counsel informed BA that they
8  would refuse to produce any documents from Ms. Vasallo or produce her for a deposition at
9  any time, even though they had only objected to the timing of Ms. Vasallo's scheduled
10 deposition in the Objections. (*Id.*) Ms. Vasallo has not sought to quash the Subpoena or
11 otherwise seek a protective order, and BA is now seeking court intervention to compel her
12 compliance.

13 **III.  ARGUMENT**

14       It is well settled that the "Federal Rules of Civil Procedure allow for broad discovery in
15 civil actions." *Everest Indem. Ins. Co. v. QBE Ins. Corp.*, 980 F. Supp. 2d 1273, 1278 (W.D.
16 Wash. 2013). Accordingly, "[t]he party who resists discovery has the burden to show that
17 discovery should not be allowed, and has the burden of clarifying, explaining, and supporting
18 objections." *Id.* (citation omitted). Ms. Vasallo's boilerplate Objections to the Subpoena
19 clearly fail to meet this standard.

20       It is completely appropriate for parties to a litigation to subpoena relevant documents
21 and testimony from non-parties under Rule 45 of the Federal Rules of Civil Procedure. Use of
22 a Rule 45 subpoena does not alter the scope of permissible discovery permitted under the
23 Federal Rules. *See Erikson v. Microaire Surgical Instruments LLC*, No. C08-5745BHS, 2010
24 WL 1881946, at *2 (W.D. Wash. May 6, 2010) ("Any [Rule 45] subpoena is subject to the
25 relevance requirements set forth in Rule 26(b).") (citation omitted). Accordingly, Rule 26(b)
26 permits the discovery of "any nonprivileged matter that is relevant to any party's claim or

DEFENDANT BRITISH AIRWAYS PLC'S
MOTION TO COMPEL - 5
Case No. _____

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA 98104-7044 | Tel: 206.839.4800

1  defense," which includes any information that is "reasonably calculated to lead to the discovery

2  of admissible evidence." *Everest*, 980 F. Supp. 2d at 1278 (quoting *Surfvivor Media Inc. v.*

3  *Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005)).

4        Ms. Vasallo is key a percipient witness, and as such, has unique and relevant

5  information. The plaintiffs allege that BA breached the contract with members of the

6  Executive Club by assessing inappropriately a "fuel surcharge" for redemption travel. (*See*

7  Compl. ¶¶ 74-76.) Mr. Rank testified that he booked the redemption travel that forms the basis

8  for his allegations with his fiancée, Ms. Vasallo. (Carey Decl. Ex. D at 79:19-25; *see also id.* at

9  77:21-24.) Specifically, Mr. Rank conceded that, after he was told the charges that BA would

10 impose, he consulted Ms. Vasallo to determine whether it was nevertheless "worth it" to pay

11 the fuel surcharge. (*See id.*) And, Mr. Rank admitted that he has discussed issues related to

12 this very lawsuit with Ms. Vasallo, including conversations about the disputed "fuel

13 surcharge." (Carey Decl. Ex. D. at 147:21-25, 150:18-151:3, 151:6-13.)

14       Courts in the Ninth Circuit have rejected similar attempts by non-party witnesses to

15 avoid compliance with a properly served subpoena. For example, in *Withers v. eHarmony,*

16 *Inc.*, 267 F.R.D. 316, 319 (C.D. Cal. 2010), the named plaintiff in a class action brought

17 various claims, including a breach of contract claim, against eHarmony, Inc., an online singles

18 matching service. *Id.* at 317-18. The named plaintiff testified during her deposition that she

19 met her current boyfriend on the eHarmony website and thereafter lived with him. *Id.* at 319.

20 eHarmony sought to depose her boyfriend, and the named plaintiff sought a protective order to

21 prevent the deposition. *Id.* at 320. The Court denied the requested protective order because it

22 found that the boyfriend was "a key percipient witness with personal knowledge of plaintiff's

23 experience with eHarmony." *Id.* at 321. The Court also ruled that the boyfriend's "experiences

24 as a member of eHarmony vis-à-vis his 'match' with plaintiff [we]re relevant to plaintiff's

25 suitability and adequacy as a class representative, and determining whether plaintiff has a

26 'personal stake' in the litigation." *Id.*

DEFENDANT BRITISH AIRWAYS PLC'S
MOTION TO COMPEL - 6
Case No. _____

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044 | Tel: 206.839.4800

1   The facts presented here are indistinguishable from *Withers*. Ms. Vasallo cannot

2   dispute that she was involved in the events surrounding the very redemption travel on which

3   Mr. Rank predicates his claim or that she has personal knowledge of issues relevant to whether

4   Mr. Rank is an appropriate class representative. Therefore, there is no question that BA may

5   seek documents from and depose Ms. Vasallo on these topics. *See Withers*, 267 F.R.D. at 319

6   ("Generally, the purpose of discovery is to remove surprise from trial preparation so that parties

7   can obtain evidence necessary to evaluate and resolve their dispute."); *see also Epstein v. MCA,*

8   *Inc.*, 54 F.3d 1422, 1423 (9th Cir. 1995) ("[W]ide access to relevant facts serves the integrity

9   and fairness of the judicial process by promoting the search for truth.").[1]

10   Because the Subpoena seeks information that is plainly relevant, Ms. Vasallo's

11   remaining grounds for refusing to comply with the Subpoena– namely, duplication,

12   harassment, and custody, are meritless.

13   Ms. Vasallo cannot refuse to comply with the Subpoena on the basis of "duplication."

14   Indeed, Ms. Vasallo's testimony and any responsive documents in her possession, custody, and

15   control are of critical import given Mr. Rank's inability to recall the specifics of his

16   conversations with Ms. Vasallo not only about the purchase of the redemption travel at issue

17   here, but also about the "fuel surcharge" and the decision to bring the lawsuit. (Carey Decl. Ex.

18   D at 80:5-81:14, 147:21-25, 150:18-151:3.) Moreover, it is entirely appropriate for BA to seek

19   to depose Ms. Vasallo to obtain her own recollection of those conversations. And contrary to

20   the plaintiffs' assertion, seeking to depose both individuals involved in a two-person oral

21   conversation is not duplicative because each individual's recollection of the contents of an oral

22   conversation may differ. Absent testimony from Ms. Vasallo, BA is unable to determine the

23   full extent of her role in the ultimate decision to pay the fuel surcharge associated with the

24   _____

25   [1]   The fact that the information sought by the Subpoena is relevant dispatches with Ms. Vasallo's objection that producing the requested documents or attending a deposition would be an undue burden. Ms. Vasallo's undue burden objection is premised solely on her claim that the Requests and deposition seek information that is not

26   relevant to any party's claims or defenses. Notably, Ms. Vasallo does not interpose an objection that producing or locating the relevant documents, nor sitting for a deposition, imposes an undue burden. (*See generally* Carey Decl. Ex. F.)

DEFENDANT BRITISH AIRWAYS PLC'S
MOTION TO COMPEL - 7
Case No. _____

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA 98104-7044 | Tel: 206.839.4800

1    redemption travel at issue or Mr. Rank's appropriateness to act as a class representative.

2    Therefore, the information sought under the Subpoena is not duplicative.

3       Equally unavailing is Ms. Vasallo's objection on the basis of "harassment." (Carey

4    Decl. Ex. F at 4-8.) It is difficult to understand how serving the Subpoena on Ms. Vasallo, who

5    Mr. Rank admits is a percipient witness to the decision to pay the fuel surcharge associated

6    with the at issue redemption travel, constitutes harassment. BA is not aware of any special

7    protections afforded a named plaintiff in a putative class action from the well-settled practices

8    of civil litigation, and indeed, the plaintiffs' counsel should have addressed Mr. Rank's

9    responsibilities as a named plaintiff and the scope of permissible discovery with him prior to

10    Mr. Rank's decision to serve as a named plaintiff. *See Fraley v. Facebook Inc.*, 2012 WL

11    555071, at *3 (N.D. Cal. Feb. 21, 2012) (admonishing plaintiffs' counsel for failing to address

12    the "scope and intensity of [defendant's] likely scrutiny during the course of discovery and

13    particularly in the deposition setting"). BA has not sought to depose every known associate or

14    relative of Mr. Rank; rather, BA served a Rule 45 subpoena on an individual explicitly

15    identified by Mr. Rank, both in his interrogatory responses and during his deposition, as having

16    relevant information to his claims. (*See, e.g.*, Carey Decl. Ex. D at 9:19-25, 77:21-24, 80:5-

17    81:14, 140:11-15, 147:21-25, 150:18-151:3; Carey Decl. Ex. B at 9-10.)

18       Finally, Ms. Vasallo has refused to produce documents responsive to Requests Nos. 4-6

19    on the basis of "custody," in that "BA seeks documents already in the possession, custody, or

20    control of BA and/or equally available from a source that is more convenient or less

21    burdensome than from Ms. Vasallo." (Carey Decl. Ex. F at 6-8.) However, Ms. Vasallo does

22    not explain how the production of relevant documents would be burdensome, and under settled

23    law, "it is not a bar to the discovery of relevant material that the same material may be in the

24    possession of the requesting party or obtainable from another source." *Del Campo v. Am.*

25    *Corrective Counseling Servs.*, 2008 WL 3154754, at *2 (N.D. Cal. Aug. 1, 2008); *see also*

26    *Kingsway Fin. Servs., Inc. v. Pricewaterhouse-Coopers LLP*, 2008 WL 4452134, at *5

DEFENDANT BRITISH AIRWAYS PLC'S
MOTION TO COMPEL - 8
Case No. _____

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA 98104-7044 | Tel: 206.839.4800

1    (S.D.N.Y. Oct. 2, 2008) (collecting cases).

2       According, Ms. Vasallo's boilerplate Objections should respectfully be rejected and she

3    should be compelled to comply with the Subpoena in full.

4    **IV.**    **CONCLUSION**

5       For the foregoing reasons, BA respectfully requests that the Court compel Ms. Vasallo

6    to comply with the Subpoena by (i) producing all responsive, nonprivileged documents in her

7    possession and (ii) attending a deposition on a mutually convenient time for the parties.

8       Respectfully submitted this 3rd day of July, 2014.

9

10

11

12

13       Nicole M. Tadano, WSBA No. 40531
      DLA PIPER LLP (US)

14       701 Fifth Avenue, Suite 7000
      Seattle, WA 98104

15       Tel: (206) 839-4800 / Fax: (206) 839-4801
      E-mail: nicole.tadano@dlapiper.com

16       Attorneys for Defendant British Airways PLC

17

18

19

20

21

22

23

24

25

26

DEFENDANT BRITISH AIRWAYS PLC'S
MOTION TO COMPEL - 9
Case No. _____

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA 98104-7044 | Tel: 206.839.4800

# EXHIBIT 2

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

RUSSELL DOVER, et al.,

            Plaintiffs,

   v.

BRITISH AIRWAYS, PLC (UK),

            Defendant.

C14-1097 TSZ

Underlying Litigation: E.D.N.Y.
Case No. 12-cv-5567 (RJD) (MDG)

MINUTE ORDER

    The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

    (1)    Defendant British Airways PLC (UK)'s motion to compel discovery from non-party Allison Vasallo, docket no. 1, is hereby TRANSFERRED to the District Court for the Eastern District of New York pursuant to Federal Rule of Civil Procedure 45(f).

    (2)    The Clerk is DIRECTED to transfer this matter to the District Court for the Eastern District of New York, to close this case, and to send a copy of this Minute Order to all counsel of record.

    Dated this 6th day of August, 2014.

                    William M. McCool
                    Clerk

                    s/Claudia Hawney
                    Deputy Clerk

# EXHIBIT 3

**Lieff**
**Cabraser**
**Heimann** &
**Bernstein**

Attorneys at Law

Lieff Cabraser Heimann & Bernstein, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413
t 212.355.9500
f 212.355.9592

July 9, 2014

David S. Stellings
Partner
dstellings@lchb.com

**VIA ECF**

The Honorable Marilyn D. Go, USMJ
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

RE: *Dover, et al. v. British Airways PLC*, No. 1:12-cv-5567

Your Honor:

Plaintiffs and non-party Allison Vasallo move for a protective order pursuant to Fed. R. Civ. P. 26(c) to quash a subpoena British Airways PLC ("BA") served on Ms. Vasallo (the "Subpoena"). *See* Ex. A.

Ms. Vasallo is the fiancée of plaintiff Cody Rank. BA seeks to depose Ms. Vasallo and to obtain documents relating to communication between Ms. Vasallo and Mr. Rank (and Ms. Vasallo and BA) regarding BA's Fuel Surcharge, BA Reward Travel, and BA's frequent flier program (the "Executive Club"). But Ms. Vasallo did not purchase the tickets at issue in this case and did not pay the Fuel Surcharges BA imposed. Her thoughts about those Fuel Surcharges—or about BA travel generally—are both irrelevant and highly unlikely to lead to admissible evidence. Forcing Ms. Vasallo to miss work to attend a deposition, moreover, would be both unduly burdensome and contrary to common practice in class action cases.

The primary purpose of this subpoena seems to be to try to harass Mr. Rank for his decision to file a lawsuit against BA: Ms. Vasallo has no substantive relationship to this action.[1] Plaintiffs allege that BA breached its frequent flier contract when it levied Fuel Surcharges that were not actually fuel surcharges because they were not based on the cost of fuel; whatever role Ms. Vasallo did or did not play in Mr. Rank's decision to fly on BA cannot possibly help BA defend against this claim.

Ms. Vasallo and the parties have met and conferred (telephonically and in-person) pursuant to Local Rule 73.3 to resolve this dispute but were unable to do so. Plaintiffs and Ms. Vasallo therefore respectfully move the Court to issue a protective order preventing BA from

---

[1] BA also has subpoenaed plaintiff Suzette Perry's husband, Noel Perry, as well as various credit card companies through which Plaintiffs accumulated reward points. BA also recently issued ridiculously overbroad subpoenas to plaintiffs' telephone companies seeking "information showing evidence of and/or contents of phone calls" for all of Plaintiffs' telephone accounts. *See* Ex. B (Other BA Subpoenas). The parties and non-parties continue to meet and confer regarding many of these subpoenas, all of which seek irrelevant information and are harassing.

Honorable Marilyn D. Go
July 9, 2014
Page 2

seeking to enforce any aspect of the Subpoena.  *See Chevron Corp. v. Donziger*, 11 Civ. 691, 2012 U.S. Dist. LEXIS 179614, at *9-10 (S.D.N.Y. Dec. 19, 2012) (explaining that a court in which an action is pending may issue a protective order to prevent enforcement of a subpoena in another jurisdiction).

**Background**

BA deposed Mr. Rank for nearly a full day on May 23, 2014.  At that deposition, Mr. Rank testified that he had not discussed this lawsuit with Ms. Vasallo apart from the logistics of traveling to the deposition.  *See* Ex. C (5/23/14 Rank Tr.) at 147: 17-148:18.  Mr. Rank also testified that:  (1) he joined the Executive Club to take a trip with Ms. Vasallo, *see id.* at 60:11-13; (2) he discussed the high price of the Fuel Surcharge with Ms. Vasallo at the time of booking and whether to book the travel nonetheless, *see id.* at 79:19-80:23; 102:21-103:5; and (3) Ms. Vasallo is a member of the Executive Club and Mr. Rank is an authorized user of her Executive Club account, *see* Rank Tr. at 140:16-18; 142:4-5; 150: 18-151:5.

In other words, Ms. Vasallo has no substantive connection to this action.  She simply agreed with Mr. Rank that Fuel Surcharges totaling nearly $1436 (Dkt. No. 1 ¶ 27) were high and that he should book travel anyway.

On June 4, 2014, BA served the Subpoena.  On June 18, 2014, Ms. Vasallo served written objections.  *See* Ex. D at 4-8.  She subsequently informed BA that she would not appear for a deposition or produce documents in part because the Subpoena sought irrelevant information and was designed to punish Mr. Rank for stepping forward as a class representative.

On July 3, 2014, BA filed a motion to compel in the Western District of Washington.  *See* Ex. E (Compliance Motion).  BA argues that Ms. Vasallo is a "key percipient witness" because she discussed the high Fuel Surcharge that Mr. Rank paid.  *Id.* at 6.

**The Subpoena Should Be Quashed**

A Court may issue a protective order for good cause to protect a person from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1); *see also Firmode (Int'l ) Co. Ltd. v. Int'l Watch Group, Inc.,* 08 Civ. 4890, 2009 U.S. Dist. LEXIS 101644, at *3 (E.D.N.Y. Nov. 2, 2009) (Go, M.J.) ("Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." (citation omitted)).  Good cause for a protective order exists, when, among other things, the information sought by a party is not relevant to its claims or defenses.  *See, e.g., Collens v. City of New York*, 222 F.R.D. 249, 255 (S.D.N.Y. 2004).

Here, Plaintiffs and Ms. Vasallo respectfully request that the Court issue a protective order preventing enforcement of the Subpoena because the Subpoena is not reasonably calculated to lead to admissible evidence: it is calculated to harass Ms. Vasallo and Mr. Rank (and discourage class action plaintiffs more generally).

Honorable Marilyn D. Go
July 9, 2014
Page 3

Plaintiffs and Ms. Vasallo have repeatedly asked BA how the Subpoena relates to BA's claims or defenses, but have never received a meaningful response. In its Compliance Motion, BA stated that Ms. Vasallo has access to "unique and relevant information" because, in part, Ms. Vasallo was part of the decision-making behind Mr. Rank's booking of a joint ticket to travel to Europe. Ex. D at 6. BA argues that Ms. Vasallo's testimony and requested documents may be relevant to whether Mr. Rank is an "appropriate" class representative. *Id.* at 7. This is nonsense.

Mr. Rank already has responded to interrogatories and testified about his adequacy (or typicality) as a class representative; Ms. Vasallo cannot possibly add to that.[2] BA nevertheless claims that Ms. Vasallo "has personal knowledge of issues relevant to whether Mr. Rank is an appropriate class representative" *id.* Not so. The fact that Ms. Vasallo knows about Mr. Rank's purchase of the flight at issue in this case (about which Mr. Rank already testified) does not make her testimony relevant. No additional information about Mr. Rank's decision to purchase the flight and pay the Fuel Surcharges (from Ms. Vasalo or anyone else) relates to his adequacy as a class representative. The Subpoena is a classic fishing expedition, harasses Ms. Vasallo, and should be quashed. *See Catskill Dev., LLC v. Park Place Entm't Corp.*, 206 F.R.D. 78, 93 (S.D.N.Y. 2002) (affirming quashing of subpoena and noting that "[n]o fishing expeditions will be tolerated.").

One final point. In its Compliance Motion, BA cited *Withers v. eHarmony, Inc.*, 267 F.R.D. 316 (C.D. Cal. 2010). *See* Ex. E at 6-7. BA claims it is "indistinguishable" because it compelled a named plaintiffs' boyfriend to testify. *Id.* This is incorrect. The Plaintiff in *Withers* alleged that Defendant eHarmony did not disclose that it matched eHarmony members with non-members or inactive members. *Withers*, 267 F.R.D. at 318. The quality and efficacy of eHarmony's matching service was central to that litigation, and the named plaintiff had met the subpoenaed boyfriend through eHarmony. *Id.* at 319. His testimony was thus relevant to whether she had a "personal stake" in the litigation (i.e., he was potentially proof that eHarmony had given her precisely what it promised). *Id.* at 321. Here, Ms. Vasallo's knowledge about Mr. Rank's decision to book a flight on BA and pay the Fuel Surcharges has nothing whatsoever to do with the claims and defenses in his litigation, including whether or not Mr. Rank is an "appropriate class representative."

Plaintiffs and Ms. Vasallo respectfully request a hearing or telephonic conference with your Honor to discuss the requested protective order.

---

[2] BA asked Mr. Rank about the following areas of inquiry (among others): (1) any possible conflicts of interest with his counsel, unnamed class members, or other named plaintiffs; (2) his knowledge and understanding of key litigation issues and Mr. Rank's involvement with the litigation generally; (3) why Mr. Rank decided to sue BA; (4) Mr. Rank's understanding of his duties as a class representative; (5) his professional and educational background; (6) Mr. Rank's involvement in other litigation; (7) whether Mr. Rank's claims are for the same type of relief as the class; (8) Mr. Rank's decision to fly on BA, pay the Fuel Surcharge, and join the Executive Club; and (8) Mr. Rank's experiences traveling on other airlines. Mr. Rank also answered all questions asked about Ms. Vasallo, which made clear her limited role.

Honorable Marilyn D. Go
July 9, 2014
Page 4

Very truly yours,

David S. Stellings

Nicholas Diamand
Jason L. Lichtman
Douglas I. Cuthbertson

**LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP**

cc: All Counsel of Record

1184305.5

# EXHIBIT 4

THE HONORABLE ROBERT S. LASNIK

1
2
3
4
5
6
7                UNITED STATES DISTRICT COURT
               WESTERN DISTRICT OF WASHINGTON
8                        AT SEATTLE

9

10   RUSSELL DOVER, JONATHAN          No. 2:14-mc-00056-RSL
     STONE, CODY RANK, and SUZETTE
11   PERRY, on behalf of themselves and   Underlying Litigation:
     others similarly situated,            Case No. 12-CV-5567 (RJD) (MDG)
12                                         United States District Court
                     Plaintiffs,          Eastern District of New York
13
            v.
14                                    **DEFENDANT BRITISH AIRWAYS PLC'S**
     BRITISH AIRWAYS, PLC (UK),       **REPLY IN SUPPORT OF ITS MOTION TO**
15                                    **COMPEL NON-PARTY ALLISON**
                     Defendant.       **VASALLO TO COMPLY WITH**
16                                    **SUBPOENA TO PRODUCE DOCUMENTS,**
                                      **INFORMATION, OR OBJECTS AND TO**
17                                    **TESTIFY AT A DEPOSTION IN A CIVIL**
                                      **ACTION**
18
                                      **NOTE ON MOTION CALENDAR:**
19                                    July 18, 2014

20

21

22

23

24

25

26

DEFENDANT BRITISH AIRWAYS PLC'S REPLY          DLA Piper LLP (US)
IN SUPPORT OF ITS MOTION TO COMPEL           701 Fifth Avenue, Suite 7000
Case No. 2:14-mc-00056-RSL            Seattle, WA  98104-7044 | Tel: 206.839.4800

## I.   INTRODUCTION

Defendant British Airways PLC ("BA") respectfully submits this reply in further support of its Motion to Compel Non-Party Allison Vasallo to Comply with Subpoena to Produce Documents, Information, or Objects and to Testify at a Deposition in a Civil Action (Dkt. No. 1) (the "Motion").

In response to BA's Motion, Ms. Vasallo filed a two-part opposition, requesting that the Motion be transferred to the issuing court where the underlying action is pending and opposing BA's Motion.  (*See* Non-Party Allison Vasallo's (1) FRCP 45(F) Mot. to Transfer Def. BA's Mot. to the Issuing Court and (2) Opp'n to Def. BA's Mot.(Dkt. No. 8).)  BA does not dispute that this Court has discretion to transfer the Motion to the issuing court when the party that is subject to the subpoena consents.  However, the Court may determine that the most efficient way to proceed is to decide the Motion itself, which is fully briefed and not complex. Nevertheless, BA responds to address the substance of Ms. Vasallo's Opposition to BA's Motion (the "Opposition").

After propounding multiple objections to the Subpoena,[1] Ms. Vasallo effectively now concedes that all but two of her initial objections were meritless and asserts only two bases for refusing to comply with the Subpoena in her Opposition:  (1) claims of undue burden; and (2) purported harassment.  Both objections fail.

First, Ms. Vasallo's undue burden objection is premised on her argument that she has no substantive connection to the underlying action and therefore lacks relevant information.  This argument is belied by the admissions of her fiancé, lead plaintiff Cody Rank.  In both his interrogatory responses and throughout his deposition, Mr. Rank repeatedly identified Ms. Vasallo as an individual who participated in the purchase of the redemption tickets that form the basis of Mr. Rank's Complaint.  Moreover, Mr. Rank also identified Ms. Vasallo as someone with whom he discussed his theories in this case.  In light of these undisputed facts,

---

[1] Unless otherwise noted, capitalized terms are defined in BA's Motion.

DEFENDANT BRITISH AIRWAYS PLC'S REPLY
IN SUPPORT OF ITS MOTION TO COMPEL  - 1
Case No. 2:14-mc-00056-RSL

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044 | Tel: 206.839.4800

Ms. Vasallo defies credulity in claiming that she lacks any relevant information about the facts underlying the Complaint. Ms. Vasallo is a percipient witness. No testimony from Mr. Rank can supplant Ms. Vasallo's own observations and recollections of key events. And, like each of the other named plaintiffs and putative class members in this lawsuit, Ms. Vasallo is also a member of BA's Executive Club who purchased redemption travel during the class period. Consequently, she agreed to the exact same terms and conditions that the plaintiffs claim BA breached. As such, her experience as a member of the Executive Club is relevant to various issues concerning class certification, including and not limited to, the commonality and typicality of the lead plaintiffs' claims.

Second, Ms. Vasallo's claims of harassment are hyperbolic and unfounded. Unable to refute uncontroverted testimony and admissions that place her at the heart of the issues in the underlying matter, Ms. Vasallo describes BA's attempts to obtain discovery as "aggressive" and characterizes the subpoena as a "classic fishing expedition," designed to harass her and Mr. Rank. Respectfully, Ms. Vasallo cannot meet her burden of demonstrating why discovery should not be permitted with counterfactual rhetoric. BA has employed the appropriate discovery devices available to it under the Federal Rules to defend itself from the plaintiffs' claims. Ms. Vasallo's charge of "harassment" for being asked to sit for a short deposition, on a date and time convenient for her, to offer testimony that is relevant to the central issues of this case, is farcical. Accordingly, Ms. Vasallo should be compelled to comply with the Subpoena.

## II.  ARGUMENT

As an initial matter, Ms. Vasallo attempts to overstate her status as a third party by imposing a discovery threshold that does not exist. (*See* Opposition at 5-6). It is Ms. Vasallo's burden, in the first instance, to present a compelling reason that the discovery sought by BA should be curtailed. *See e.g.*, *Takiguchi v. MRI Int'l, Inc.*, 2013 WL 6528507, at *11 (D Nev., Dec. 11, 2013) ("the party resisting discovery carries 'a heavy burden' of showing why discovery should be denied.") (*quoting Blankenship v. Hearst Corp*., 519 F.2d 418, 429 (9th

DEFENDANT BRITISH AIRWAYS PLC'S REPLY
IN SUPPORT OF ITS MOTION TO COMPEL - 2
Case No. 2:14-mc-00056-RSL

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA 98104-7044 | Tel: 206.839.4800

1  Cir. 1975).)  Neither of the two opinions upon which Ms. Vasallo relies supports her apparent

2  argument that BA bears this burden; regardless, both are inapposite.  In *Akmal v. United States*,

3  the Court denied the plaintiff's motion to compel because the subpoena at issue sought the type

4  of information better suited to Rule 33 interrogatories, which are limited to named parties, and

5  because the information sought by the plaintiff was specifically protected from disclosure by

6  the Privacy Act.  U.S. Dist. LEXIS 29926, at *5-6 (W.D. Wash. Mar. 7, 2014) (Lasnik, J.).

7  Meanwhile, in *R Prasad Indus. v. Flatirons Envtl. Solutions Corp.*, the Court *denied* a third

8  party's motion to quash the subpoena, in part, because there would be no undue burden in

9  compliance.  *See* 2014 U.S. Dist. LEXIS 84193, at *25-26 (D. Ariz. June 19, 2014).

10      If anything, the *R Prasad Indus.* decision only further supports BA's arguments here.

11  Quite similarly, Ms. Vasallo cannot identify any tangible undue burden in complying with the

12  instant subpoena.  Ms. Vasallo suggests that the fact that she would have to "miss work to

13  attend a deposition . . . would be both unduly burdensome and contrary to common practice in

14  class action cases."  (Opposition at 2).  Ms. Vasallo does not cite any case law in support of her

15  position that missing a day of work constitutes an "undue burden."  Nor can she, because, to

16  BA's knowledge, no such opinion exists.  In fact, courts have customarily rejected this exact

17  argument.  In *Myhrvold v. Lodsys Grp., LLC*, for instance, the Court denied a CEO's claim that

18  he would be unduly burdened by having to comply with a subpoena because of his busy work

19  schedule.  2013 WL 5488791, at*2-3 (W.D. Wash. Sept. 27, 2013).  Though it ultimately

20  granted the CEO's motion for a protective order on relevance grounds, the court noted the

21  absurdity of his argument that the imposition to his work schedule, alone, would constitute an

22  "undue burden."  *Id.* ("[i]f a busy person wishes to avoid complying with a subpoena on the

23  basis that he is too busy, he should submit evidence to the court that he cannot spare a few

24  hours of his time . . . The President of the United States can be deposed; so too can a CEO,

25  particularly one who declines to provide any evidence of his inability to appear for

26  deposition.") (external citations omitted) *Id. at *2*.  Similarly, in *Irons v. Karceski*, the court

DEFENDANT BRITISH AIRWAYS PLC'S REPLY
IN SUPPORT OF ITS MOTION TO COMPEL - 3
Case No. 2:14-mc-00056-RSL

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044 | Tel: 206.839.4800

denied a third party fact witness' motion to quash a subpoena premised upon an argument that he would be unduly burdened in lost wages by having to comply with the subpoena. 74 F.3d 1262, 1264 (D.C. Cir. 1995). The *Irons* court noted further that the fact that the third party witness could cite "absolutely no authority to back his claim [. . . ]" further warranted the rejection of his "undue burden" argument. So too here.

Ms. Vasallo argues further that she would be unduly burdened by having to comply with BA's subpoena because it seeks irrelevant information. Here, Ms. Vasallo asserts that she and the plaintiffs "have repeatedly asked BA how the Subpoena relates to BA's claims or defenses, but have never received a meaningful response." (Opposition at 4). BA is entirely puzzled by this assertion, since the Motion explicitly spells out the reasons that Ms. Vasallo, as a key percipient witness who helped counsel Mr. Rank as to whether it would be "worth it" to pay the fuel surcharge at issue, would offer testimony both central to the merits of this lawsuit and to the typicality, adequacy, and commonality inquiries for class certification. (*See* Motion at 5-7).

Conversely, Ms. Vasallo has not offered any plausible argument as to why her testimony is *not* relevant, but rather concludes, without any legal support, that because "Mr. Rank already has responded to interrogatories and testified about his adequacy (or typicality) as a class representative; Ms. Vasallo cannot possibly add to that." (Opposition at 6). Not so. Mr. Rank's testimony about what he believed Ms. Vasallo may have said or did is no substitution for Ms. Vasallo's actual testimony of what she said and did. This testimony, moreover, would shed light on various issues relevant to this case, including Mr. Rank's decision, voluntarily, and without complaint, to pay the fuel surcharge. Furthermore, as Ms. Vasallo is also a current member of the Executive Club who redeemed travel during the class period, her experience as a putative class member may be distinct from that of the named plaintiffs, the fact of which, itself, makes her testimony relevant. *See e.g.*, *Dysthe v. Basic Research, LLC*, 273 F.R.D. 625, 629 (C.D. Cal. Apr. 8, 2011). In *Dysthe*, for example, the

DEFENDANT BRITISH AIRWAYS PLC'S REPLY
IN SUPPORT OF ITS MOTION TO COMPEL - 4
Case No. 2:14-mc-00056-RSL

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA 98104-7044 | Tel: 206.839.4800

1  court determined that as a consumer of the products at issue, a former named plaintiff's

2  testimony was "highly likely to be relevant to class certification issues, including commonality

3  and the typicality of the class representative's claims, even if he no longer wishes to be

4  burdened with this litigation." *Id.* Ms. Vasallo's testimony similarly is relevant here. *See also*

5  *Disability Rights Council of Greater Wash v. Wash. Metro. Area Transit Auth.*, 2006 WL

6  2588710, at *1 (D.D.C., Sept. 7, 2006) (granting depositions of percipient witnesses).

7      Nor can the plaintiffs distinguish away the holding in *Withers v. eHarmony, Inc.*, which

8  is squarely on point and instructs that Ms. Vasallo should be compelled to testify. Ms. Vasallo

9  asserts that *Withers* is inapposite because the subpoenaed boyfriend in that matter had met the

10  named plaintiff through the defendant's matching service, which was "central to that

11  litigation," and "[h]is testimony was thus relevant to whether she had a 'personal stake' in the

12  litigation." (Opposition at 7-8). There simply is no material difference between the relevance

13  of testimony from Ms. Vasallo, who was an Executive Club member who purchased

14  redemption travel during the class period and who also counseled Mr. Rank in his purchase of

15  his redemption travel, and that of the testimony of the boyfriend in *Withers* whose "experiences

16  as a member of eHarmony vis-à-vis his 'match' with plaintiff are relevant to plaintiff's

17  individual claims, plaintiff's suitability and adequacy as a class representative, and determining

18  whether plaintiff has a 'personal stake' in the litigation." 267 F.R.D. 316, 321 (C.D. Cal.

19  2010).

20      Finally, Ms. Vasallo wrongly denounces BA's subpoena as "harassing," *ipse dixit*,

21  because "it is calculated to harass Ms. Vasallo and Mr. Rank (and discourage class action

22  plaintiffs more generally)" and because "it is a classic fishing expedition" (Opposition at 6-7).

23  It is completely appropriate – and expected – that BA would use the discovery methods

24  available to it under the Federal Rules to elicit testimony that is relevant to the plaintiffs' claims

25  and to BA's defenses. *See e.g.*, *Everest Indem. Ins. Co. v. QBE Ins. Corp.*, 980 F. Supp. 2d

26  1273, 1278 (W.D. Wash. 2013). Neither of the two opinions upon which Ms. Vasallo relies

DEFENDANT BRITISH AIRWAYS PLC'S REPLY
IN SUPPORT OF ITS MOTION TO COMPEL - 5
Case No. 2:14-mc-00056-RSL

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA 98104-7044 | Tel: 206.839.4800

support her charge of "harassment" here. In *Abu v. Piramco SEA-TAC, Inc.*, the Court granted in part a plaintiff's motion for a protective order against a ten-part subpoena duces tecum that sought confidential and protected personnel information on the basis that two of the requests, for payroll records and employee benefits information, bore no legal relevance to her claims (i.e. she had not claimed lost benefits) and could be obtained through less intrusive ways (i.e. tax records). 2009 U.S. Dist. LEXIS 12626, at *5 (W.D. Wash. Feb. 5, 2009) (Lasnik, J.). Meanwhile, the Court *granted* the defendant's access to the vast majority of the personnel records sought, which touched on both the plaintiff's emotional distress claim and her credibility. *Id.* at *6-7. In *Martin v. Quinn*, the court sought to address the appropriateness of a federal prisoner's right to seek leave of court to conduct discovery in connection with his petition for federal *habeas corpus* relief. 2010 U.S. Dist. LEXIS 81269, at *45 (W.D. Wash. July 28, 2010). This standard is entirely different from that of a Rule 45 civil subpoena and Ms. Vasallo's reference to *Martin* in this context is disingenuous.

## III.    CONCLUSION

For the foregoing reasons, BA respectfully requests that the Court compel Ms. Vasallo to comply with the Subpoena by (i) producing all responsive, non-privileged documents in her possession and (ii) attending a deposition on a mutually convenient time for the parties.

Respectfully submitted this 18th day of July, 2014.


 *s/ Nicole M. Tadano*
Nicole M. Tadano, WSBA No. 40531
DLA PIPER LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA  98104
Tel:  (206) 839-4800 / Fax:  (206) 839-4801
E-mail:  nicole.tadano@dlapiper.com

Attorneys for Defendant British Airways PLC

DEFENDANT BRITISH AIRWAYS PLC'S REPLY
IN SUPPORT OF ITS MOTION TO COMPEL - 6
Case No. 2:14-mc-00056-RSL

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044 | Tel: 206.839.4800

**CERTIFICATE OF SERVICE**

I hereby certify that on July 18, 2014, I filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

- Douglas Cuthbertson
  dcuthbertson@lchb.com

- Jason Lichtman
  jlichtman@lchb.com

- Beth Terrell
  bterrell@tmdwlaw.com

Dated this 18th day of July, 2014.

      _s/ Nicole M. Tadano_
Nicole M. Tadano, WSBA No. 40531

DEFENDANT BRITISH AIRWAYS PLC'S REPLY
IN SUPPORT OF ITS MOTION TO COMPEL - 7
Case No. 2:14-mc-00056-RSL

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA 98104-7044 | Tel: 206.839.4800

# EXHIBIT 5

THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RUSSELL DOVER, JONATHAN STONE,
CODY RANK, and SUZETTE PERRY, on
behalf of themselves and others similarly
situated,

          Plaintiffs,

        v.

BRITISH AIRWAYS, PLC (UK),

          Defendant.

No. 2:14-MC-00056-RSL

Underlying Litigation:
Case No. 12-CV-5567 (RJD) (MDG)
United States District Court
Eastern District of New York

**NON-PARTY ALLISON VASALLO'S
(1) FRCP 45(F) MOTION TO
TRANSFER DEFENDANT BRITISH
AIRWAYS PLC'S MOTION TO
COMPEL COMPLIANCE TO THE
ISSUING COURT AND (2)
OPPOSITION TO DEFENDANT
BRITISH AIRWAYS PLC'S MOTION
TO COMPEL COMPLIANCE WITH A
SUBPOENA TO PRODUCE
DOCUMENTS, INFORMATION, OR
OBJECTS AND TO TESTIFY AT A
CIVIL ACTION**

NOTE ON MOTION CALENDAR:
JULY 18, 2014

NON-PARTY MOTION TO TRANSFER AND
OPPOSITION TO MOTION TO COMPEL COMPLIANCE
Case No. 214-MC-00056-rsl

1184723.3
7/14/14 9:16 PM

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413
TEL. (212) 355-9500 • FAX (212) 355-9592
www.lchb.com

## I.    **INTRODUCTION**

Approximately two years ago, Mr. Cody Rank brought suit in the Eastern District of New York ("EDNY") against Defendant British Airways PLC ("BA"). He alleged that BA broke its contract with him when it charged him nearly $1436 in "fuel surcharges" that, he contends, bear no reasonable relationship to the price of fuel. *See* Ex. A (Compl.) ¶ 27.[1] Of particular relevance, he and three other individuals brought this claim as a proposed class action on behalf of millions of similarly situated individuals who paid this "fuel surcharge." *See generally id.* The Parties are now in the midst of discovery overseen by Magistrate Judge Marilyn D. Go of the EDNY. Judge Raymond J. Dearie, also of the EDNY, denied BA's 12(b)(6) motion as well as BA's motion for reconsideration of the same. *See* Ex. B (11/7/13 Opinion); Ex. C (1/24/14 Opinion).

BA has taken an extraordinarily aggressive stance in this litigation. Among other requested discovery, it has served subpoenas on the Plaintiffs' credit card companies and *even subpoenaed their phone companies, seeking the content of all phone calls of any kind*. *See* Ex. D (Other BA Subpoenas). And of particular relevance for present purposes, it seeks to harass their family members by forcing them to sit for depositions, *see id.*, even though this is a breach of contract lawsuit in which a party's subjective state of mind is immaterial. The issue before the Court involves one such subpoena (the "Subpoena"), served on non-party Alison Vasallo, Mr. Rank's fiancée. *See* Ex. E (Compliance Motion).

Ms. Vasallo did not purchase the tickets at issue in this case and did not pay the Fuel Surcharges BA imposed. Her thoughts about those Fuel Surcharges—or about BA travel generally—are both irrelevant and highly unlikely to lead to admissible evidence. Forcing Ms. Vasallo to miss work to attend a deposition, moreover, would be both unduly burdensome and contrary to common practice in class action cases. Accordingly, Ms. Vasallo respectfully asks this Court to transfer BA's Compliance Motion to the EDNY so that Judge Go may rule on

---

[1] All exhibits refer to attachments to the declaration of Douglas I. Cuthbertson.

- 2 -

NON-PARTY MOTION TO TRANSFER AND
OPPOSITION TO MOTION TO COMPEL COMPLIANCE
Case No. 214-MC-00056-rsl

1184723.3
7/14/14 9:16 PM

**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
250 Hudson Street, 8th Floor
New York, NY 10013-1413
TEL. (212) 355-9500 • FAX (212) 355-9592
www.lchb.com

this motion within the context of the litigation as a whole, particularly within the context of BA's

attempts to harass the named Plaintiffs in this case. *See* Fed. R. Civ. P. 45(f).[2]  In the alternative,

Ms. Vasallo respectfully asks this Court to deny BA's motion outright.

## II.     STATEMENT OF FACTS/BACKGROUND

On November 9, 2012, Mr. Rank filed a class action lawsuit on behalf of certain members

of BA's Executive Club ("Members") who had paid a purported fuel surcharge when redeeming

their frequent flier points ("Avios") for "free" airline tickets ("Reward Tickets").  *See* Ex. A. ¶ 1.

Under the terms of the Executive Club's governing contract ("Contract"), Members were required

to pay certain taxes and fees with each Reward Ticket.  *See* Ex. A. ¶ 2.  One such fee is the Fuel

Surcharge, which, unlike other incidental fees and taxes, sometimes exceeds $500 per Reward

Ticket.  *See* Ex. A. ¶ 6.  In relevant part, Mr. Rank alleges that the Contract only allows BA to

charge a Fuel Surcharge that is reasonably related to the fluctuating price of fuel.  *See* Ex. A. ¶ 7.

As noted above, the action moved into discovery in late 2013 after the Court denied BA's motion

to dismiss and BA's motion for reconsideration of the same.  *See* Ex. Ex. B (11/7/13 Opinion);

Ex. C (1/24/14 Opinion).

The parties have been before Judge Go to address discovery issues in person, and by

phone, at least seven times throughout the course of the underlying litigation: March 5, 2013, July

26, 2013, September 20, 2013, October 24, 2013, December 4, 2013, January 21, 2014, and July

10, 2014.  (Cuthbertson Decl. ¶ 11.)

On May 23, 2014, BA deposed Mr. Rank for nearly a full day.  At that deposition,

Mr. Rank testified that he had not discussed this lawsuit with Ms. Vasallo apart from the logistics

of traveling to the deposition.  *See* Ex. G (5/23/14 Rank Tr.) at 147: 17-148:18.  Mr. Rank also

---

[2] Indeed, both Ms. Vasallo and the Plaintiffs in the underlying litigation first sought a Protective
Order from Judge Go, *see* Ex. F (7/9/14 Motion), who explained during a discovery conference
that she could only consider the motion if this Court first entertained a motion to transfer under
Rule 45(f), *see* Cuthbertson Decl. ¶ 10.

- 3 -

NON-PARTY MOTION TO TRANSFER AND
OPPOSITION TO MOTION TO COMPEL COMPLIANCE
Case No. 214-MC-00056-rsl

**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
250 Hudson Street, 8th Floor
New York, NY  10013-1413
TEL. (212) 355-9500 • FAX (212) 355-9592
www.lchb.com

1184723.3
7/14/14 9:16 PM

1   testified that:  (1) he joined the Executive Club to take a trip with Ms. Vasallo, *see id*. at 60:11-

2   13; (2) he discussed the high price of the Fuel Surcharge with Ms. Vasallo at the time of booking

3   and whether to book the travel nonetheless, *see id*. at 79:19-80:23; 102:21-103:5; and

4   (3) Ms. Vasallo is a member of the Executive Club and Mr. Rank is an authorized user of her

5   Executive Club account, *see id.* at 140:16-18; 142:4-5; 150: 18-151:5.

6         In other words, Ms. Vasallo has no substantive connection to the underlying action.  She

7   simply agreed with Mr. Rank that Fuel Surcharges totaling nearly $1436 were high and that he

8   should book travel anyway.

9         On June 4, 2014, BA served the Subpoena.  On June 18, 2014, Ms. Vasallo served written

10  objections.  *See* Ex. H at 4-8.  She subsequently informed BA that she would not appear for a

11  deposition or produce documents in part because the Subpoena sought irrelevant information and

12  was designed to punish Mr. Rank for stepping forward as a class representative.

13        On July 3, 2014, BA filed its Compliance Motion before this Court.  BA argues that

14  Ms. Vasallo is a "key percipient witness" because she discussed the high Fuel Surcharges that Mr.

15  Rank paid.  (Compliance Mot. at 6.)

16  **III.    BA'S MOTION SHOULD BE TRANSFERRED TO THE <u>EDNY</u>**

17        Ms. Vasallo respectfully requests transfer of BA's Compliance Motion to the issuing

18  Court in the EDNY which oversees the underlying case.  Federal Rule of Civil Procedure 45(f)

19  provides:

20              When the court where compliance is required did not issue the
               subpoena, it may transfer a motion under this rule to the issuing
21              court *if the person subject to the subpoena consents* or if the court
               finds exceptional circumstances. Then, if the attorney for a person
22              subject to a subpoena is authorized to practice in the court where
               the motion was made, the attorney may file papers and appear on
23              the motion as an officer of the issuing court. To enforce its order,
               the issuing court may transfer the order to the court where the
24              motion was made.

25  Fed. R. Civ. P. 45(f) (emphasis added).

26        Ms. Vasallo consents to the transfer, which is particularly appropriate because the issuing

NON-PARTY MOTION TO TRANSFER AND
OPPOSITION TO MOTION TO COMPEL COMPLIANCE
Case No. 214-MC-00056-rsl

1184723.3
7/14/14 9:16 PM

**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
250 Hudson Street, 8th Floor
New York, NY  10013-1413
TEL. (212) 355-9500 ● FAX (212) 355-9592
www.lchb.com

1   court has indicated that it is amenable to it.  *See* Cuthbertson Decl. ¶ 10; *see Jazz Pharms., Inc. v.*

2   *Roxane Labs., Inc.*, No. 3:14-mc-80092, 2014 U.S. Dist. LEXIS 53013, at *1-2 (N.D. Cal. Apr. 7,

3   2014) (explaining that the court was inclined to transfer pursuant to FRCP 45(f) where issuing

4   court is amenable to transfer).

5          The issuing court, moreover, is familiar with the facts of the case, involved with and

6   knowledgeable about the parties' discovery obligations generally (including BA's course of

7   conduct with respect to subpoenas of family members, credit card companies, and phone

8   companies), and best positioned to determine whether the Subpoena seeks information that is

9   relevant to the parties' claims or defenses.  Indeed, Plaintiffs and Ms. Vasallo have already filed a

10  motion for a protective order before the EDNY, thus, the issuing court is aware of, and well-

11  positioned to efficiently and fairly resolve, BA's motion to compel.[3]

12  **IV.    IN THE ALTERNATIVE, BA'S SUBPOENA SHOULD BE QUASHED**

13         Although "[t]he Federal Rules of Civil Procedure allow for broad discovery in civil

14  actions," *Wilkerson v. Vollans Auto., Inc.*, No. C08-1501, 2009 U.S. Dist. LEXIS 130718, at *1

15  (W.D. Wash. May 15, 2009) (Lasnik, J.), discovery must be "relevant to any party's claim[s] or

16  defense[s]," *Warren v. Bastyr Univ.*, No. 2:11-cv-01800, 2013 U.S. Dist. LEXIS 50408, at *13

17  (W.D. Wash. Apr. 8, 2013) (Lasnik, J.) (citing Fed. R. Civ. P. 26(b)(1)).  Further, "[t]he

18  compulsion of production of irrelevant information is an inherently undue burden." *Jimenez v.*

19  *City of Chicago*, 733 F. Supp. 2d 1268, 1273 (W.D. Wash. 2010) (citation omitted); *see*

20  *Washburn v. Gymboree Retail Stores, Inc.,* No. C11-822, 2012 U.S. Dist. LEXIS 82814, at *5

21  (W.D. Wash. June 14, 2012) (Lasnik, J.) (same).

22         This is particularly true under Rule 45, which imposes additional limitations on the

23  discovery sought.  *See Akmal v. United States*, No. C12-1499, 2014 U.S. Dist. LEXIS 29926, at

24  *5-6 (W.D. Wash. Mar. 7, 2014) (Lasnik, J.) ("Underlying the protections of Rule 45 is the

---

[3] As noted above, the parties have been before Judge Go to address discovery issues in person, and by phone, at least seven times throughout the course of the underlying litigation: March 5, 2013, July 26, 2013, September 20, 2013, October 24, 2013, December 4, 2013, January 21, 2014, and July 10, 2014.  (*See* Cuthbertson Decl. ¶ 11.)

NON-PARTY MOTION TO TRANSFER AND
OPPOSITION TO MOTION TO COMPEL COMPLIANCE
Case No. 214-MC-00056-rsl

**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
250 Hudson Street, 8th Floor
New York, NY  10013-1413
TEL. (212) 355-9500 • FAX (212) 355-9592
www.lchb.com

- 25 -

1   recognition that the word non-party serves as a constant reminder of the reasons for the

2   limitations that characterize third-party discovery." (citations omitted)).  Courts impose a higher

3   burden on parties seeking to compel the production of discovery from non-parties under Rule 45

4   than under Rule 26.  *See R. Prasad Indus. v. Flat Irons Envtl. Solutions Corp.*, No. CV-12-08261,

5   2014 U.S. Dist. LEXIS 84193, at *6 (D. Ariz. June 19, 2014) (citing *Dart Indus. Co. v. Westwood*

6   *Chem. Co.*, 649 F.2d 646, 649 (9th Cir. 1980) ("While discovery is a valuable right and should

7   not be unnecessarily restricted . . . , the 'necessary' restriction may be broader when a nonparty is

8   the target of discovery.")).  "To obtain discovery from a nonparty, a party must demonstrate that

9   its need for discovery outweighs the nonparty's interest in nondisclosure." *Id.*

10          Here, Ms. Vasallo respectfully requests that the Court deny BA's Compliance Motion and

11   quash the Subpoena because the Subpoena is not reasonably calculated to lead to admissible

12   evidence: it is calculated to harass Ms. Vasallo and Mr. Rank (and discourage class action

13   plaintiffs more generally).  *See Abu v. Piramco SEA-TAC, Inc.*, No. C08-1167, 2009 U.S. Dist.

14   LEXIS 12626, at *4-9 (W.D. Wash. Feb. 5, 2009) (Lasnik, J.) (examining relevance of Rule 45

15   subpoena and quashing those requests that had no possible relevance to  claims or defenses).

16          Plaintiffs and Ms. Vasallo have repeatedly asked BA how the Subpoena relates to BA's

17   claims or defenses, but have never received a meaningful response.  In its Compliance Motion,

18   BA stated that Ms. Vasallo has access to "unique and relevant information" because, in part,

19   Ms. Vasallo was part of the decision-making behind Mr. Rank's booking of a joint ticket to travel

20   to Europe.  (Compliance Mot. at 6.)  BA argues that Ms. Vasallo's testimony and requested

21   documents may be relevant to whether Mr. Rank is an "appropriate" class representative. *Id.* at 7.

22   This is very inaccurate.

23          Mr. Rank already has responded to interrogatories and testified about his adequacy (or

24   typicality) as a class representative; Ms. Vasallo cannot possibly add to that.[4]  BA nevertheless

25   _____

26   [4] BA asked Mr. Rank about the following areas of inquiry (among others): (1) any possible
     conflicts of interest with his counsel, unnamed class members, or other named plaintiffs; (2) his

NON-PARTY MOTION TO TRANSFER AND
OPPOSITION TO MOTION TO COMPEL COMPLIANCE
Case No. 214-MC-00056-rsl

6

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
TEL. (212) 355-9500 • FAX (212) 355-9592
www.lchb.com

1184723.3
7/14/14 9:16 PM

1     claims that Ms. Vasallo "has personal knowledge of issues relevant to whether Mr. Rank is an

2     appropriate class representative" *Id.* Not so. The fact that Ms. Vasallo knows about Mr. Rank's

3     purchase of the flight at issue in this case (about which Mr. Rank already testified) does not make

4     her testimony relevant. No additional information about Mr. Rank's decision to purchase the

5     flight and pay the Fuel Surcharges (from Ms. Vasallo or anyone else) relates to his adequacy as a

6     class representative. The Subpoena is a classic fishing expedition, harasses Ms. Vasallo, and

7     should be quashed. *See Martin v. Quinn,* No. C08-5344, 2010 U.S. Dist. LEXIS 81269, at *45

8     (W.D. Wash. July 28, 2010) (denying discovery where "petitioner has not demonstrated that the

9     granting of the subpoenas he requests will result in anything other than a mere fishing

10    expedition.").[5]

11        In its Compliance Motion, BA cited only one case in support of the relevancy of the

12    Subpoena: *Withers v. eHarmony, Inc.*, 267 F.R.D. 316 (C.D. Cal. 2010). *See* Ex. E (Compliance

13    Motion) at 6-7. BA claims *Withers* is "indistinguishable" because it compelled a named

14    plaintiffs' boyfriend to testify. *Id.* This is incorrect. The Plaintiff in *Withers* alleged that

15    Defendant eHarmony did not disclose that it matched eHarmony members with non-members or

16    inactive members. *Withers*, 267 F.R.D. at 318. The quality and efficacy of eHarmony's

17

---

18   knowledge and understanding of key litigation issues and Mr. Rank's involvement with the
19   litigation generally; (3) why Mr. Rank decided to sue BA; (4) Mr. Rank's understanding of his
      duties as a class representative; (5) his professional and educational background; (6) Mr. Rank's
20   involvement in other litigation; (7) whether Mr. Rank's claims are for the same type of relief as
      the class; (8) Mr. Rank's decision to fly on BA, pay the Fuel Surcharge, and join the Executive
21   Club; and (8) Mr. Rank's experiences traveling on other airlines. Mr. Rank also answered all
      questions asked about Ms. Vasallo, which made clear her limited role.
22
      [5] BA claims that its Subpoena does not constitute harassment and implies that plaintiffs' counsel
23   failed to adequately prepare Mr. Rank for "the scope of permissible discovery." (Compliance
      Mot. at 8.) This is incorrect. Ms. Vasallo's documents and testimony would not relate to any
24   party's claims or defenses; she simply has nothing to do with the underlying action. Because of
      that, Plaintiffs' counsel could not have possibly foreseen that BA would pursue Ms. Vasallo, or
25   warned Mr. Rank about that possibility. BA's pursuit of Ms. Vasallo can only be explained by a
      desire to harass Mr. Rank and the other plaintiffs.
26

NON-PARTY MOTION TO TRANSFER AND
OPPOSITION TO MOTION TO COMPEL COMPLIANCE
Case No. 214-MC-00056-rsl

1184723.3
7/14/14 9:16 PM

**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
250 Hudson Street, 8th Floor
New York, NY 10013-1413
TEL. (212) 355-9500 • FAX (212) 355-9592
www.lchb.com

1  matching service was central to that litigation, and the named plaintiff had met the subpoenaed

2  boyfriend through eHarmony. *Id.* at 319.  His testimony was thus relevant to whether she had a

3  "personal stake" in the litigation (i.e., he was potentially proof that eHarmony had given her

4  precisely what it promised). *Id.* at 321.  Here, Ms. Vasallo's knowledge about Mr. Rank's

5  decision to book a flight on BA and pay the Fuel Surcharges has nothing whatsoever to do with

6  the claims and defenses in his litigation, including whether or not Mr. Rank is an "appropriate

7  class representative."

8  **V.    <u>CONCLUSION</u>**

9      For the forgoing reasons, Ms. Vasallo respectfully requests that the Court (1) transfer

10  BA's Compliance Motion to the issuing court pursuant to FRCP 45(f) or, in the alternative (2)

11  deny BA's Compliance Motion.

12      Respectfully submitted this 14th day of July, 2014.

13                                      TERRELL MARSHALL DAUDT  & WILLIE
                                        PLLC
14

15                              By:    /s/ Beth E. Terrell
                                            Beth E. Terrell
16

17                                      Beth E. Terrell, WSBA #26759
                                        Email:  bterrell@tmdwlaw.com
18                                      TERRELL MARSHALL DAUDT
                                          & WILLIE PLLC
19                                      936 North 34th Street, Suite 400
                                        Seattle, Washington  98103
20                                      Telephone:  (206) 816-6603
                                        Facsimile:  (206) 350-3528
21
                                        Jason L. Lichtman
22                                      Email:  jlichtman@lchb.com
                                        Douglas I. Cuthbertson
23                                      Email:  dcuthbertson@lchb.com
                                        LIEFF CABARASER HEIMANN &
24                                      BERNSTEIN, LLP
                                        250 Hudson Street, 8th Floor
25                                      New York, NY  10013-1413
                                        Telephone:  (212) 355-9500
26                                      Facsimile:  (212) 355-9592

                                        - 8 -

1          *Attorneys for Plaintiffs and Non-party Ms. Vasallo*

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26
                                                  - 9 -
NON-PARTY MOTION TO TRANSFER AND
OPPOSITION TO MOTION TO COMPEL COMPLIANCE
Case No. 214-MC-00056-rsl

1184723.3
7/14/14 9:16 PM

**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
250 Hudson Street, 8th Floor
New York, NY  10013-1413
TEL. (212) 355-9500 ● FAX (212) 355-9592
www.lchb.com

CERTIFICATE OF SERVICE

I, Beth E. Terrell, hereby certify that on July 14, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Nicole M. Tadano, WSBA #40531
E-mail: nicole.tadano@dlapiper.com
DLA PIPER LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, Washington  98104-7044
Telephone:  (206) 839-4800
Facsimile:  (206) 839-4801

*Attorneys for Defendant*

DATED this 14th day of July, 2014.

TERRELL MARSHALL DAUDT & WILLIE PLLC

By:   /s/ Beth E. Terrell, WSBA #26759
Beth E. Terrell, WSBA #26759
Email:  bterrell@tmdwlaw.com
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
Telephone:  (206) 816-6603
Facsimile:  (206) 350-3528

*Attorneys for Plaintiffs and Non-Party Allison Vasallo*

NON-PARTY ALLISON VASALLO'S (1) FRCP 45(F) MOTION TO
TRANSFER DEFENDANT BRITISH AIRWAYS PLC'S MOTION
TO COMPEL COMPLIANCE TO THE ISSUING COURT AND (2)
OPPOSITION TO DEFENDANT BRITISH AIRWAYS PLC'S
MOTION TO COMPEL COMPLIANCE WITH A SUBPOENA - 10
CASE NO. 2:14-MC-00056-RSL

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com