

DLA Piper LLP (US)
1251 Avenue of the Americas, 27th Floor
New York, New York 10020-1104
www.dlapiper.com

Keara M. Gordon
keara.gordon@dlapiper.com
T  212.335.4632
F  212.884.8632

August 19, 2014

VIA ECF

The Honorable Marilyn D. Go
United States Magistrate Judge
United States District Court for the Eastern District of New York
225 Cadman Plaza East, Room 1214-S
Brooklyn, New York 11201

Re:   *Dover, et al. v. British Airways, PLC (UK)*, Nos. 12-cv-05567-RJD-MDG, 1:14-cv-4710-RJD-MDG

Dear Magistrate Judge Go:

British Airways, PLC ("BA") writes to object to the impermissible sur-reply filed by the plaintiffs and non-party Allison Vasallo (1:12-cv-05567, Dkt. No. 96) (the "Sur-Reply")[1] in connection with BA's Motion to Compel Ms. Vasallo to Comply with the Subpoena to Produce Documents, Information, or Objects and to Testify at a Deposition in a Civil Action (1:14-cv-4710, Dkt. No. 1) (the "Motion").[2]

This Court explicitly asked the parties whether briefing had completed on the Motion. When BA informed the Court that briefing had completed, the plaintiffs did not disagree. Yet, later, Ms. Vasallo blatantly flouted the Local Civil Rules of the Eastern District by filing an unauthorized Sur-Reply. *See* Aug. 11, 2014 Tr. at 15:15-20, attached hereto as Ex. A; Local Civil Rule 37.3 ("[P]apers shall not be submitted with respect to a dispute governed by [Rule 37.3] unless the Court has so directed."). For this reason alone, the Court should strike the Sur-Reply.

Even if the Court were to consider the improper Sur-Reply (which it should not), BA did not raise a new argument on reply. As BA explained in its moving papers, and also on reply, Ms. Vasallo is a percipient witness to the events that form the basis of the plaintiffs' allegations in the Complaint, and her status as a member of the Executive Club – and therefore as a potential putative class member – only adds to the relevance of her percipient testimony. Indeed, BA explicitly stated in its Motion that Ms. Vasallo "was . . . a member of BA's Executive Club" and argued that Ms. Vasallo would have "personal

---

[1]   The plaintiffs lack standing to object to a subpoena directed to a non-party witness. *See In re Rule 45 Subpoena Issued to Cablevision Sys. Corp. Regarding IP Address 69.120.35.31*, 2010 WL 2219343, at *5 (E.D.N.Y. Feb. 5, 2010) (Go, J.). Nevertheless, without any justification or basis, the plaintiffs purport to write "regarding" the Motion. *(See* Sur-Reply*)*.

[2]   Unless otherwise noted, capitalized terms are defined in BA's Motion and BA's Reply in Support of its Motion (1:14-cv-4710-RJD-MDG, Dkt. No. 13) (the "Reply").



Honorable Marilyn D. Go
August 19, 2014
Page 2

knowledge of issues relevant to whether Mr. Rank is an appropriate class representative." (*See* 1:14-cv-4710, Dkt. No. 1 at 3, 7.)

In almost identical circumstances, courts have found it appropriate, and, in fact necessary, to depose putative class members when they are also percipient witnesses. *Withers v. eHarmony, Inc.*, 267 F.R.D. 316, 321 n.4 (C.D. Cal. 2010) (granting deposition of putative class member where "plaintiff identified [the subpoena recipient] as a percipient witness with potentially unique and valuable information regarding important class certification issues"); *see also Dythe v. Basic Research, L.L.C.*, 273 F.R.D. 625, 630 (C.D. Cal. 2011) (percipient witness's testimony was "relevant to the commonality and typicality of the class representative's claims, whether or not [the subpoena recipient] is himself a putative or absent class member.").

Moreover, the Sur-Rely is beside the point because Ms. Vasallo failed initially to object to the Subpoena on the grounds that she was an absent class member. (*See* Objections, Carey Decl. Ex. F.) The recipient of a Rule 45 subpoena waives any objection that is not raised within 14 days after the subpoena is served. *See In re DG Acquisition Corp.*, 151 F.3d 75, 81 (2d Cir. 1998) ("We believe that [Rule 45] does require the recipient of a subpoena to raise all objections at once, rather than in staggered batches, so that discovery does not become a 'game.'"). Having failed to raise timely this objection, Ms. Vasallo cannot seek to remedy her waiver by filing a belated and impermissible Sur-Reply.

Accordingly, Ms. Vasallo should be compelled to comply with the Subpoena.

BA is available at the Court's convenience to address any questions the Court may have about the Motion.

Respectfully Submitted,

Keara M. Gordon

Enclosure