**Lieff**
**Cabraser**
**Heimann &**
**Bernstein**
Attorneys at Law

Lieff Cabraser Heimann & Bernstein, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
t  212.355.9500
f  212.355.9592

September 12, 2014

David S. Stellings
Partner
dstellings@lchb.com

**VIA ECF**

Magistrate Judge Marilyn D. Go
United States District Court
225 Cadman Plaza East
Room 1214-S
Brooklyn, New York 11201

   RE: *Dover et al. v. British Airways PLC*
      Case Nos. 1:12-cv-5567, 1:14-cv-4710

Your Honor:

  Plaintiffs move for a protective order pursuant to Fed. R. Civ. P. 26(c) to quash or modify a subpoena British Airways PLC ("BA") served on AT&T Mobility LLC (the "Subpoena") on August 20, 2014.  *See* Ex. A.  The Subpoena seeks the records <u>of every single call ever made</u> by the four Plaintiffs on their cell phones, *the content of those calls*, and identifying information for any other cell phone numbers registered to the plaintiffs.  The Subpoena is not limited by time period.

  Plaintiffs informed BA that they believed the Subpoena was remarkably overbroad when they met and conferred; BA essentially agreed, admitting that it did not have the ability to narrow further.   In addition to being patently overbroad, Plaintiffs informed BA that it sought irrelevant information, and fit into a pattern of harassing conduct by BA to intimidate the plaintiffs, along with Subpoenas issued to two of the plaintiffs' significant others.   BA has refused to withdraw any of its Subpoenas.

  Plaintiffs do not represent AT&T Mobility, but seek a protective order to protect plaintiffs from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1); *see also Firmode (Int'l ) Co. Ltd. v. Int'l Watch Group, Inc.*, 08 Civ. 4890, 2009 U.S. Dist. LEXIS 101644, at *3 (E.D.N.Y. Nov. 2, 2009) (Go, M.J.) ("Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." (citation omitted)).  Good cause for a protective order exists, when, among other things, the information sought by a party is not relevant to its claims or defenses.  *See, e.g., Collens v. City of New York*, 222 F.R.D. 249, 255 (S.D.N.Y. 2004).

  Plaintiffs seek the Court's assistance to quash the Subpoena, or at the very least, to dramatically narrow it.  Plaintiffs are available to discuss these issues with your Honor at the Court's convenience.

San Francisco    New York    Nashville    www.lieffcabraser.com

Magistrate Judge Marilyn D. Go
September 12, 2014
Page 2

Respectfully submitted,

David S. Stellings

Nicholas Diamand
Jason L. Lichtman
Douglas I. Cuthbertson

DSS:wp
1195375.1