# EXHIBIT A

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the
Eastern District of New York

|  |  |
|---|---|
| Dover, et al. | ) |
| *Plaintiff* | ) Civil Action No. 12-cv-05567 (RJD) (MDG) |
| v. | ) |
| British Airways, PLC (UK) | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS AND TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:
AT&T Mobility LLC - AT&T Subpoena Center;
Attn: Amber Kostner (2nd subpoena; file code 1574175)
208 S. Akard St., 10th Floor M
Dallas, TX 75202

*(Name of person to whom this subpoena is directed)*

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: | Date and Time: |
|---|---|
|  |  |

The deposition will be recorded by this method: _____

☒ *Production:* **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **See Schedule A.**

| Place: DLA Piper LLP (US); Attn: Andy Zollinger | Date and Time: |
|---|---|
| 1717 Main Street, Suite 4600 | Monday, September 22, 2014, 10:00 (EDT) |
| Dallas, TX 75201-4629 |  |
| Fax: (972) 813 - 6246 |  |
| Andrew.zollinger@dlapiper.com |  |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: August 20, 2014

CLERK OF COURT

OR

_____                  _____
*Signature of Clerk or Deputy Clerk*                  *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* British Airways
PLC (UK) _____, who issues or requests this subpoena, are:

EAST\77423081.2

American LegalNet, Inc.
www.FormsWorkFlow.com

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

Timothy H. Birnbaum; DLA Piper LLP (US), 1251 Avenue of the Americas, 38th Floor, New York, NY 10020;
timothy.birnbaum@dlapiper.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before
trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to
whom it is directed. Fed. R. Civ. P. 45(a)(4).



AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

### PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 _____

I declare under penalty of perjury that this information is true.

Date: _____

_____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:


American LegalNet, Inc.
www.FormsWorkFlow.com

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
   **(i)** is a party or a party's officer; or
   **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

   **(i)** fails to allow a reasonable time to comply;
   **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

   **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

American LegalNet, Inc.
www.FormsWorkFlow.com

## SCHEDULE A

## DEFINITIONS

The definitions and instructions set forth in Rules 26 and 34 of the Federal Rules of Civil Procedure are incorporated as if set forth fully herein. In addition, the following definitions and instructions shall apply:

1.      "AT&T Mobility," when used herein, means AT&T Mobility, LLC, and any current or former agents, representatives or assigns, any of their predecessors, successors, employees, trustees, as well any person acting or purporting to act on its behalf.

2.      "British Airways," when used herein, means British Airways PLC, and any current or former agents, representatives or assigns, any of their predecessors, successors, employees, trustees, as well any person acting or purporting to act on its behalf.

3.      "Communications," when used herein, means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) and any contact, request or other action involving conveyance of knowledge, belief, opinion, or information of any nature, at any time or place and under any circumstances, including but not limited to, in writing by such means as letters, memoranda, telexes, telegrams, facsimiles, electronic mail ("e-mail") and other electronic means, or computer printouts, and orally, including telephonically and face-to-face.

4.      "Documents," when used herein, is used in its broadest possible sense and its equal in scope to the usage of this term in Rule 34(a) of the Federal Rules of Civil Procedure and includes, but is not limited to, all writings, handwritten notes, drafts, memoranda, diaries, calendars, correspondence, newspaper or magazine articles, published reports, drawings, tape recordings, microfilm, computer records, e-mail, photographs and any electronic or computerized versions or compilations of any of the foregoing. Any non-identical copy,

1

including any preliminary version, draft, revision or permutation of the foregoing is a separate

Document within the meaning of this term and must be produced.

5.      "Cody Rank," when used herein, means the natural person Cody Rank, residing at

945 20th Avenue, Seattle, Washington  98122, who is associated with the mobile phone number

(213) 447-6829, the email address codyrank@gmail.com, and is a named plaintiff in the *Dover,*

*et al. v. British Airways, PLC* litigation pending in the Eastern District of New York.

6.      "Russell Dover," when used herein, means the natural person Russell Dover,

residing at 104 Salice Way, Campbell, California  95008, who is associated with the mobile

phone number (408) 768-6329, the home phone number (408) 374-9799, and the email address

russell.dover@gmail.com, and is a named plaintiff in the *Dover, et al. v. British Airways, PLC*

litigation pending in the Eastern District of New York.

7.      "Henry Horsey," when used herein, means the natural person Mr. Henry R.

Horsey, Jr., residing at 418 East Capitol Street Northeast, Washington, D.C.  20003, who is

associated with the mobile phone number (303) 859-1510, the email addresses

henry.horsey@gmail.com, henry.horsey@grantsolutions.gov and henry.horsey@ACF.HHS.gov,

and is a named plaintiff in the *Dover, et al. v. British Airways, PLC* litigation pending in the

Eastern District of New York.

8.      "Suzette Perry," when used herein, means the natural person Suzette Perry,

residing at 53 Pine Street, Salinas, California  93901, who maintains an office at 179 17th Street,

Pacific Grove, California, who is associated with the mobile phone number (831) 596-0838, the

home phone number (831) 757-1253, the office phone number (831) 646-9777, the email

addresses suzetteperrylaw@mac.com and perryfamily@hotmail.com, and is a named plaintiff in

the *Dover, et al. v. British Airways, PLC* litigation pending in the Eastern District of New York.

2

9. "The Perry Law Office," when used herein, means the law office of Suzette Perry, located at 179 17th Street, Pacific Grove, CA 93950, which maintains the number (831) 646-9777.

10. "You," Your," or "Yourself," when used herein, means AT&T Mobility.

## INSTRUCTIONS

1. The documents to be produced are those described below that are in Your possession, custody, or control, as well as the possession, custody or control of Your agents, employees, representatives, accountants and attorneys.

2. If there are no documents in Your possession, custody, or control responsive to a particular request, so state. If any documents responsive to these requests were, but no longer are, in Your possession, custody, or control, including by virtue of their destruction, furnish a list of such documents that includes the following information with respect to each document: its date, author, sender and recipients, and subject matter(s), and the circumstances in which it came to and went out of Your possession, custody, or control, or was destroyed.

3. The obligation to produce the documents requested herein is intended to be of a continuing nature. If at any time, after initial compliance with the requests, You acquire, or learn of, Your possession, custody, or control of any additional responsive documents, You must provide such additional responsive documents as soon as practicable.

4. In the event that any document is not produced because the request is claimed to be objectionable, state with respect to each such document the portion of the document request that is claimed to be objectionable and the nature and basis of the objection. Where a document is responsive to a request which is not objected to, and is also responsive to a request which is objected to, all portions of the document responsive to the request to which there is no objection

3

must be produced.

5.     Unless otherwise specified, the requests herein call for documents for the period from January 1, 2011 through the present.

6.     If a claim of privilege is asserted, in whole or in part, with respect to any oral communication, document, or tangible thing, You shall identify the nature of the privilege or objection, including work product protection, that is being claimed, and if the privilege or objection is being asserted in connection with a claim or defense covered by state law, indicate the state's rule being invoked.  You shall additionally separately identify each such oral communication, document, or tangible thing as follows:

    a.     the date of the oral communication or the date of preparation of any document;

    b.     the type of document (i.e., letter, memorandum), or tangible thing;

    c.     the name, address, title, and occupation of each of the participants in any such oral communication or each of the authors, senders, recipients, and addressees of any such document, as well as the recipients and addressees of all blind or indicated copies, and all persons to whom copies of the document were provided;

    d.     the subject matter of the document;

    e.     the number of pages, including any attachments or appendices, of the document;

    f.     the name, title, and address of the present custodian of any such document or tangible thing;

    g.     an identification and description of each such oral communication

or tangible thing (by subject matter or title) that is sufficient to identify the particular communication or tangible thing without revealing the information for which the privilege is claimed; and

h.  where not apparent, the relationship of the participants to the oral communication and of the author and addressee of the document.

## REQUESTS

1.  All documents or information showing evidence of and/or contents of phone calls for the cellular telephone account of (831) 596-0838, registered to Suzette Perry and/or 53 Pine Street, Salinas, California 939021.

2.  All documents or information showing evidence of and/or contents of phone calls for the cellular telephone account of (213) 447-6829, registered to Cody Rank and/or 945 20th Avenue, Seattle, Washington 98122.

3.  All documents or information showing evidence of and/or contents of phone calls for the cellular telephone account of (408) 768-6329, registered to Russell Dover and/or 104 Salice Way, Campbell, California 95008.

4.  All documents or information showing evidence of and/or contents of phone calls for the cellular telephone account of (303) 859-1510, registered to Henry Horsey and/or 418 East Capitol Street Northeast, Washington, D.C. 20003.

5.  Documents sufficient to identify all cellular telephone numbers registered to either: (a) Suzette Perry; (b) The Perry Law Office; (c) 53 Pine Street, Salinas, California 93901; (d) Cody Rank; (e) 945 20th Avenue, Seattle, Washington 98122; (f) Russell Dover; (g) 104 Salice Way, Campbell, California 95008; (h) Henry Horsey; and (i) 418 East Capitol Street Northeast, Washington, D.C. 20003.

5