UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
RUSSEL DOVER, JONATHAN STONE,
CODY RANK, and SUZETTE PERRY, on
behalf of themselves and all others similarly
situated,

                        Plaintiffs,

              - against -

BRITISH AIRWAYS, PLC (UK)

                        Defendant.
------------------------------------------------------------ x

**MEMORANDUM & ORDER**

12 CV 5567 (RJD) (MDG)

DEARIE, District Judge

      Plaintiffs in this class action allege that defendant British Airways violated its frequent flyer program contract by imposing unlawful fuel surcharges on rewards flights. Before the Court is an appeal by British Airways objecting to Magistrate Judge Go's August 15, 2014 ruling on British Airways' motion to compel. Def.'s App. of Mag. J. Decision, ECF No. 101. For the following reasons, I affirm Magistrate Judge Go's decision.

## BACKGROUND

      Plaintiffs filed a class action complaint alleging that fuel surcharges assessed by British Airways on rewards flights were not actually based on the cost of fuel, and therefore violated the terms and conditions of its frequent flyers program. Plaintiffs supported their claim with a statistical study – referred to as an "r-squared analysis" – which they alleged shows that the fuel surcharges bore little relationship to changes in the price of fuel. See Compl. at 10-11, ECF No. 1. In denying British Airways' motion to dismiss, this Court relied in part on that statistical analysis and, at the same time, declined to judge the merits of British Airways' competing analysis or its attacks on plaintiffs' analysis. Nov. 8, 2013 Mem. & Order at 10, ECF No. 52.

An r-squared analysis, like the one in the complaint, aggregates factual data and performs a regression analysis. Here, the r-squared analysis was created by a non-testifying expert retained by plaintiffs as part of their pre-filing investigation. See Plfs.' Opp. to Letter Mot. to Compel at 2, ECF No. 83. Plaintiffs claim that the analysis contrasts British Airways' fuel surcharge with the publicly available price of jet fuel. Id.

On December 20, 2013, British Airways served a request for all documents relating to the r-squared analysis. See Dft.'s Letter Mot. to Compel at 1, ECF No. 81. Plaintiffs refused to produce these documents (although they inadvertently produced them later), invoking the work product protection of Rule 26. Id. at 2. Plaintiffs have indicated that they do not "intend to use the r-squared analysis moving forward" or "at all" as plaintiffs will base their case on their testifying experts' analyses of British Airways' data. Plfs.' Letter in Opp. to British Airways' Aug. 28, 2014 Appeal, Ex. A (Tr. of July 10, 2014 Discovery Conf.) at 5, ECF No. 104-1. British Airways moved to compel these documents on June 25, 2014. On August 15, 2014, Magistrate Judge Go denied British Airways' motion, and now British Airways appeals. Aug. 15, 2014 Order, ECF No. 97.

## DISCUSSION

There is ample basis to affirm Magistrate Judge Go's August 15 Order. Yet there is something uncomfortable about allowing plaintiffs to put forth a statistical analysis in their complaint, rely on it in opposing a motion to dismiss, and then refuse to produce it once discovery commences. While this may facially appear to be a waiver of the work product protection, upon closer examination that is not the case.

Federal Rule of Civil Procedure 26(b)(4)(D) protects from disclosure information from non-testifying, consulting experts, like the expert retained by plaintiffs here. Fed. R. Civ. P.

26(b)(4)(D) (2010). The question is whether that protection has been waived. A party's assertion of claims or defenses putting otherwise protected work product "at issue" can result in the involuntary forfeiture of that protection. See John Doe Co. v. United States, 350 F.3d 299, 302 (2d Cir. 2003). "Forfeiture of this nature is justified by considerations of fairness to the adversary. . . . it would be unfair for a party asserting contentions to an adjudicating authority to then rely on its privileges to deprive its adversary of access to material that might disprove or undermine the party's contentions." Id. Therefore, to find a waiver of the work product protection, "[t]he key . . . is some showing by the party arguing for a waiver that the opposing party *relies* on the privileged communication" or document, and that by putting that privileged document at issue, unfairness results. In re Cnty. of Erie, 546 F.3d 222, 228 (2d Cir. 2008) (emphasis in original). No such showing has been made.

Plaintiffs *did* rely on the r-squared analysis in their complaint and, through the motion to dismiss phase, put the analysis at issue. But plaintiffs have now disclaimed future reliance on the r-squared analysis conducted by their consulting expert. Plaintiffs have or will hire new testifying experts who will conduct their own analyses using a different set of data. As a result, the r-squared analysis is no longer "at issue."

Does fairness nonetheless require the production of the r-squared analysis since it was once at issue? Central to this fairness inquiry is the question of whether a party is "worse off" or has "been placed in a disadvantaged position at trial," id. at 229-30, specifically insofar as effective trial preparation has been inhibited or settlement values have been distorted. See Implied Waiver, 98 Harv. L. Rev. 1629, 1639 (1985). Here, no such unfairness has occurred. Because plaintiffs have disclaimed future use of this r-squared analysis, British Airways has not been placed at a disadvantaged position in the fact-finding stages of this litigation. Nor should

3

the inclusion of the r-squared analysis in the complaint distort settlement values in this case. Absent from British Airways' briefing is a compelling reason why it will be prejudiced going forward now that plaintiffs have disclaimed future use of the analysis.

Plaintiffs' reliance on the r-squared analysis in opposing the motion to dismiss did not cause prejudice to British Airways. In considering the plausibility of the complaint, this Court was required to proceed on the assumption that factual allegations are true "[e]ven if their truth seems doubtful." Anderson News, L.L.C. v. Am. Media, Inc., 680 F.3d 162, 185 (2d Cir. 2012). Even if British Airways had access to the r-squared analysis, consideration of its attacks on the analysis would not be appropriate in assessing the complaint's plausibility. In fact, British Airways did make objections to the r-squared analysis and those objections were not credited for this very reason. See Nov. 8, 2013 Mem. & Order at 10. British Airways is not worse off.

There has not been an "at issue" waiver that now requires the production of the r-squared analysis. In the Court's view, this result makes good sense. It enables counsel, without fear of waiving work product protection, to do the pre-filing investigation necessary to comply with the duty set forth in Rule 11(b)(3) that "factual contentions have evidentiary support." Fed. R. Civ. P. 11(b)(3) (2010). Likewise, it incentivizes counsel to undertake whatever investigation is necessary so that a complaint complies with the "plausibility" requirement of Rule 8.

British Airways' other argument – that an implied waiver result from plaintiffs' inadvertent disclosure – lacks merit for the reasons set forth in the August 15 Order. Magistrate Judge Go's August 15, 2014 Order is accordingly affirmed.

SO ORDERED.

Dated: Brooklyn, New York
October 9, 2014

/s/ Judge Raymond J. Dearie

RAYMOND J. DEARIE
United States District Judge

4