**Lieff**
**Cabraser**
**Heimann &**
**Bernstein**
Attorneys at Law

Lieff Cabraser Heimann & Bernstein, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
t  212.355.9500
f  212.355.9592

October 14, 2014

**VIA ECF**

The Honorable Marilyn D. Go, USMJ
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

   RE: <u>Dover, et al. v. British Airways PLC</u>, No. 1:12-cv-5567

Your Honor:

  Plaintiffs seek the Court's assistance to compel Defendant British Airways PLC ("BA") to comply with your Honor's August 15, 2014 order (*see* Dkt. No. 97) and Judge Dearie's affirmance of that order (*see* Dkt. No. 114), which denied BA's motion to compel production of Plaintiffs' "r-squared" analysis (*see* Dkt No. 81).  This Court – and Judge Dearie – have both held that the two spreadsheets at issue contain work product and that Plaintiffs have not waived that protection.  Nonetheless, BA refuses to abide by the orders, and will not redact portions of a deposition transcript that directly refer to protected portions of the spreadsheets.

  As this Court knows, BA introduced the protected spreadsheets at the May 23, 2014 deposition of Cody Rank and questioned Mr. Rank about the protected portions of one of those spreadsheets.  (*See* Dkt. No. 81 at 2, 8.)  Plaintiffs realized that the spreadsheet had been inadvertently disclosed after the deposition, and informed BA of the inadvertent disclosure within five business days; BA refused to destroy the document.  At the next opportunity (plaintiff Russell Dover's June 2, 2014 deposition), BA introduced the protected documents, but upon Plaintiffs' counsel's objection, BA agreed not to question Mr. Dover regarding the protected documents.   This pattern continued for the remaining depositions and BA did not question any of the other plaintiffs about the protected r-squared analysis.

  In late July, Plaintiffs informed BA that they had not waived their right to redact portions of the deposition transcript should the Court deny BA's motion to compel; Plaintiffs proposed that the parties agree exactly how to do this if and when the Court denied BA's motion.  (*See* Ex. A: D. Cuthbertson – T. Birnbaum email exchange.)  Last week, after Judge Dearie affirmed your Honor's order, Plaintiffs sent a copy of the May 23, 2014 Rank deposition transcript with proposed redactions highlighted in yellow:  <u>these proposed redactions related only to testimony regarding protected portions of the r-squared spreadsheets</u>.  BA refused to redact these documents at all, claiming that doing so would be "beyond the scope of Judge Go's August 15, 2014 Order."  (Ex. A.)

San Francisco   New York   Nashville   www.lieffcabraser.com

Honorable Marilyn D. Go
October 14, 2014
Page 2

    Plaintiffs strongly disagree with BA's stance and are very disappointed that it has forced Plaintiffs to burden the Court with this issue. The protected portions of the r-squared spreadsheets are now indisputably protected as attorney work product; BA agrees that it must destroy all electronic and hard copies of these documents. Why, then, would BA not agree to redact any references to the protected portions of the documents contained in the May 23, 2014 deposition transcript? Plaintiffs submit that it makes no sense that the protection would apply in one instance but not another; the information is undeniably work product, and must be redacted.

    Plaintiffs therefore respectfully request that the Court compel BA to obey the Court's orders, and to redact the specified portions of the deposition transcript.

    Very truly yours,

    Douglas I. Cuthbertson

    David S. Stellings
    Nicholas Diamand
    Jason L. Lichtman

    **LIEFF CABRASER HEIMANN &
    BERNSTEIN, LLP**

cc: All Counsel of Record

1200088.2