**Lieff Cabraser Heimann & Bernstein**
Attorneys at Law

Lieff Cabraser Heimann & Bernstein, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413
t 212.355.9500
f 212.355.9592

January 5, 2015

Jason L. Lichtman
Partner
jlichtman@lchb.com

**VIA ECF**
The Honorable Marilyn D. Go, USMJ
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

        RE:    *Dover, et al. v. British Airways PLC*, No. 1:12-cv-5567

Your Honor:

      Plaintiffs respectfully ask this Court to issue an order permitting Plaintiffs to depose more witnesses than Defendant British Airways PLC ("BA") is otherwise willing to produce. BA has agreed to 11 fact depositions, and Plaintiffs seek to depose 11 others who possess relevant, non-cumulative information. BA, however, refuses to compromise. Its stance is not supported by the law or the facts of this case.

### BA Identified More Than 100 Witnesses With Relevant Information

      At the outset of litigation, BA identified more than 100 witnesses who possess information relevant to this case. While Plaintiffs served document requests on BA more than 18 months ago (on March 15, 2013), BA apparently completed its document production only this week. These documents were necessary to allow Plaintiffs to identify which witnesses possessed relevant, non-cumulative information. For example, BA wrote Plaintiffs on December 29, 2014 contending that a document BA had produced *two hours prior* established that Plaintiffs did not need to depose a certain witness.

### Plaintiffs Met and Conferred in Good Faith: BA Refused to Compromise

      On December 3, 2014, Plaintiffs requested 28 fact depositions beginning in early 2015. *See* Ex. A. British Airways PLC ("BA") subsequently agreed to only 11 of the 28, excluding numerous critical, non-cumulative witnesses. *See* Ex. B.[1] On December 18, in an effort to

---

[1] BA maintains that it will make 12 witnesses available for deposition, but that is not correct: one witness (Jerry Foran) will testify at a 30(b)(6) deposition and has already testified at a short 30(b)(6) deposition explaining BA's organizational structure as it relates to the fuel surcharge, but BA will not permit Mr. Foran to be deposed in his personal capacity without a court order. This is so even though BA has sometimes instructed witnesses in 30b6 depositions not to answer questions in their personal capacity. *Contra, e.g., Meyer Corp. U.S. v. Alfay Designs, Inc.*, 10 Civ. 3647, 2012 U.S. Dist. LEXIS 113819, at *13 (E.D.N.Y. Aug. 13, 2012) (Go, M.J.) (explaining that 30b6 witnesses should answer questions posed to them in their personal capacity).

Honorable Marilyn D. Go
January 5, 2015
Page 2

avoid burdening this Court, Plaintiff removed five witnesses from their list and specifically explained why the remaining disputed witnesses each possessed non-cumulative evidence. *See* Ex. C. Nonetheless, on December 29, BA flatly refused to make any other witnesses available to Plaintiffs, *see* Ex. D, and refused to compromise when the Parties met and conferred.

## Plaintiffs' Proposed Deposition List is Reasonable for Complex Litigation

In the vast majority of complex cases, the parties agree to exceed the ten deposition limit provided by the federal rules without difficulty, much less court intervention. *See, e.g.*, *In re Titanium Antitrust Litig.*, No. 10-cv-00318 (D. Md.) (over 70 depositions taken without motion practice).[2] But the relatively small number of depositions proposed by BA is unrealistic and impractical for a class case of this size and significance. *See United States v. RES Holdings*, 11 Civ. 739, 2012 U.S. Dist. LEXIS 135994, at *5 (E.D. La. 2012) ("[T]he complex facts involved in this case warrant an extension of the typical ten-deposition limit."); *Del Campo v. Am. Corrective Counseling Servs., Inc.*, No. C-01-21151, 2007 U.S. Dist. LEXIS 87150, at *17-18 (N.D. Cal. Nov. 5, 2007) (permitting 23 depositions with possibility of taking more given the "breadth and complexity of the case").

Plaintiffs currently seek only 23 fact depositions in total, a fraction of the 100+ witnesses BA identified. This is reasonable, and Plaintiffs require these depositions to prove their claims. *Cf. See In re Weatherford Int'l Sec. Litig.*, 11 Civ. 1646, 2013 U.S. Dist. LEXIS 153011, at *6-7 (S.D.N.Y. Oct. 24, 2013) (Francis, M.J.) ("[C]ounsel's judgment about [how many depositions] it needed is entitled to a good deal of deference." (citation omitted)).[3]

## Plaintiffs Seek Critical, Non-Duplicative Information

Plaintiffs have identified specific reasons why each of the proposed deponents will provide unique, non-cumulative testimony, *see* Ex. E, that justifies the need for these depositions. *See* Fed. R. Civ. P. 26(b)(2)(C)(i); *cf. Six W. Retail Acquisition, Inc. v. Sony Theatre Mgmt. Corp.*, 203 F.R.D. 98, 105 (S.D.N.Y. 2001) (Francis, M.J.) (permitting deposition of company CEO whose deposition may have been "cumulative to some degree, but not unreasonably so").

---

[2] *See also, e.g.*, *High Tech Employee Antitrust Litig.*, No. 11-cv-2509 (N.D. Cal.) (over 100 depositions with motion practice only as to certain senior executives, who were eventually deposed); *Holloway et al. v. Best Buy Co. Inc.*, No. 05-cv-5056 (N.D. Cal.) (36 depositions with no motion practice to do so); *In re Whirlpool Front Load Washing Machine Litig.*, No. 08-wp-65000 (N.D. Ohio) (dozens of depositions without motion practice).

[3] During negotiations, BA repeatedly referenced 30(b)(6) depositions as a reason that Plaintiffs should not be permitted to depose critical fact witnesses. But those depositions are largely unrelated to the fact depositions. To this point, they have encompassed: BA's organizational structure as related to the fuel surcharge, BA's electronic infrastructure, BA's fuel hedging, BA's currency hedging, the practical ability of BA's to obtain IAG documents, and the structure of a particular database that contained fuel surcharge information. There have also been two short follow-up depositions to the fuel hedging depositions, principally to ask two low-level employees questions about certain spreadsheets that BA's 30b6 designee could not explain. These depositions have been used to decrease the total number of necessary fact depositions and to make discovery more efficient generally: BA should not attempt to use them to deprive Plaintiffs the ability to depose critical witnesses with non-cumulative information.

Honorable Marilyn D. Go
January 5, 2015
Page 3

First, each of the proposed deponents appear on many unique documents.  *None* of the witnesses BA has agreed to produce have personal knowledge regarding these hundreds of documents and e-mails.  *See* Exs. C & E.  Indeed, during the meet and confer process BA argued that Plaintiffs were not entitled to these depositions solely because *other witnesses that BA will not produce* have personal knowledge regarding (some) of the documents at issue.  *See* Ex. D at 3-4, 6, 8.  This argument should be dismissed out of hand and does not support BA.  In fact, it directly supports Plaintiffs because it demonstrates that the requested depositions are not cumulative.

Second, the proposed deponents authored many hundreds of unique e-mails relevant to this case.  And it is axiomatic that "in the normal course of discovery" a party should be permitted to "depose the author of [a] document."  *Ariz. ex rel. Goddard v. Frito-Lay, Inc.*, 273 F.R.D. 545, 560 (D. Ariz. 2011).[4]

Third, Plaintiffs have offered substantive reasons for the need to depose these witnesses. *See* Ex. E.  BA's arguments to the contrary are unavailing.  For example, BA maintains that testimony regarding revenue sharing with other airlines is not relevant, even though this Court has held otherwise.  (*See* Dkt. 82.)  BA also refuses to provide the depositions of:

- Graham Brodie.  He participated in the creation, modification, or implementation of the fuel surcharge, and he is the *only* available witness who works as "Head of Continuous Improvement" in Revenue Management (his predecessor no longer works at BA).

- Joerg Tuensmeyer.  He is a critical witness who held various key positions in Revenue Management, and he is on a high number of important, unique documents.

- Jamie Cassidy.  He was identified by BA as a "senior stakeholder" when proposals to change the fuel surcharge were made.

- Deidre O'Callaghan.  She is the only identified witness who works solely on fuel surcharge implementation, which Plaintiffs need to understand to support their claims and to understand the mechanics of how the fuel surcharge was applied.

* * *

Plaintiffs respectfully ask to discuss these matters with Your Honor at the previously-scheduled January 8, 2015 telephonic conference.

An unredacted copy of this letter was served on BA on Friday, January 2, 2015.

---

[4] *See also, e.g., Hernandez v. Creative Concepts*, 10 Civ. 02132, 2013 U.S. Dist. LEXIS 34612, at *20-21 (D. Nev. Mar. 13, 2013) (compelling production of documents and ordering "that plaintiffs may conduct depositions of the authors and/or recipients of the documents."); *TNT USA Inc. v. DHL Express (USA), Inc.*, 9 Civ. 0481, 2011 U.S. Dist. LEXIS 47338, at *4 (E.D.N.Y. May 2, 2011) (Seybert, J.) (affirming Magistrate Judge's order permitting a deposition because that witness authored relevant documents).

Honorable Marilyn D. Go
January 5, 2015
Page 4

Very truly yours,

Jason L. Lichtman
Nicholas Diamand
Douglas I. Cuthbertson

**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**

cc: All Counsel of Record

1211564.4