**WILMERHALE**

**VIA ECF**

March 6, 2015

Eric J. Mahr
+1 202 663 6446 (t)
+1 202 663 6363 (f)
eric.mahr@wilmerhale.com

The Honorable Marilyn D. Go
United States District Court for the Eastern District of New York
225 Cadman Plaza East, Room 1214-S
Brooklyn, New York 11201

      Re: *Dover v. British Airways, PLC*, 1:12-cv-05567-RJD-MDG (E.D.N.Y.)

Your Honor:

      Non-party Deutsche Lufthansa Aktiengeselischaft ("Lufthansa") respectfully requests that the Court issue an Order quashing the Subpoena to Testify at a Deposition in a Civil Action that Plaintiffs Russel Dover, Jonathan Stone, Cody Rank and Suzette Perry ("Plaintiffs") served on Lufthansa on February 26, 2015.[1]  *See* Ex. A.  The Court should quash Plaintiffs' subpoena for at least the following reasons:

- Any Lufthansa witness competent to testify on the subjects set out in the subpoena—concerning the kinds of surcharges Lufthansa charges its customers—is located in Germany, not in the United States.  Thus, the subpoena is invalid because it would require a Lufthansa employee to travel more than 100 miles from where that person lives, works, or regularly transacts business, in violation of Fed. R. Civ. P. 45(d)(3)(A)(ii).

- The information sought by Plaintiffs concerning Lufthansa's surcharges does not appear to have any bearing on Plaintiffs' breach of contract action against British Airways.  At best, the information sought is simply irrelevant.  At worst, Plaintiffs are improperly using the discovery process in this case to identify additional or future targets for suit.  In either case, the subpoena imposes undue burden and expense on Lufthansa in violation of Fed. R. Civ. P. 45(d)(3)(A)(iv).

      *First*, under Rule 45(d), the Court "must quash or modify a subpoena that . . . requires a person to comply beyond the geographical limits specified in Rule 45(c)."  *See* Fed. R. Civ. P. 45(d)(3)(A)(ii).  Rule 45(c)(1)(A) requires that the place for compliance must be "within 100 miles of where the person resides, is employed, or regularly transacts business in person."  When a corporation designates a person to respond to a subpoena served on the corporation, that person can be compelled to attend a deposition only within the 100 mile limited set forth in the Rule.

---

[1] Plaintiffs initially served Lufthansa with a subpoena on February 12, 2015.  Ex. B.  That subpoena identified the location of the deposition as Plaintiffs' counsel's offices in San Francisco, California.  In response to an inquiry from Lufthansa's counsel, Plaintiffs' counsel stated that the San Francisco location was an error, and that the place of compliance would be the Eastern District of New York.  Lufthansa therefore seeks relief from the subpoena before this Court.

Magistrate Judge Marilyn D. Go
March 6, 2015
Page 2

**WilmerHale**

*See RP Family, Inc. v. Commonwealth Land Title Ins. Co.*, No. 10 CV 1149-DLI-CLP, 2011 WL 6020154, at *2 (E.D.N.Y. Nov. 30, 2011).

The subpoena at issue purports to require Deutsche Lufthansa Aktiengeselischaft, a German corporation with its principal place of business in Frankfurt, Germany, to designate an employee to appear at a deposition in the United States. Lufthansa's Passenger Airline Group is headquartered in Frankfurt, Germany. All decisions concerning Lufthansa's passenger surcharges are made in Frankfurt, Germany. Lufthansa officers and employees responsible for those surcharges also are located in Frankfurt. No individual competent to testify concerning those surcharges on Lufthansa's behalf lives, works, or regularly transacts business in person within the United States. Thus, any person designated by Lufthansa would have to travel greater than 100 miles. As a result, the subpoena must be quashed under Fed. R. Civ. P. 45(d)(3)(A).

*Second*, the information sought by Plaintiffs is irrelevant to the underlying litigation. Under Rule 45(d), the Court "must quash or modify a subpoena that . . . subjects a person to undue burden." *See* Fed. R. Civ. P. 45(d)(3)(A)(iv). In evaluating "undue burden," courts weigh the burden to the subpoenaed party against the value of the information to the serving party. *Ebbert v. Nassau Cnty*, No. CV 05-5445-FB-AKT, 2007 WL 674725, at *4 (E.D.N.Y. Mar. 5, 2007). This balance depends on factors such as relevance, the party's need for the information, the time period covered, and the burden imposed. *See id*.

Plaintiffs' subpoena would impose substantial and undue burden on non-party Lufthansa. The subpoena would require Lufthansa to gather information regarding its process for determining certain surcharges, the terms used to describe those surcharges to its customers, the amount of those surcharges, and the types of tickets associated with those surcharges, all over a six-and-a-half-year period reaching back to 2006. Moreover, the deposition testimony Plaintiffs seek could be provided only by compelling a Lufthansa employee to travel from Germany to the United States, diverting additional resources from Lufthansa's business operations. Those burdens—and, indeed, even other, less burdensome methods of discovery—are unjustified here, in light of the complete lack of relevance of the information sought to this litigation.

Our understanding is that Plaintiffs contend that British Airways breached its contract with members of its frequent flyer program in connection with certain surcharges on rewards flights. In an Order denying British Airways' motion to dismiss, the Court explained that Plaintiffs' claim relies "solely upon the contractual definition of the term 'fuel surcharges,'" and that Plaintiffs "ask the Court to consider only 'the parties' bargain' as expressed in the Terms and Conditions." *Dover v. British Airways, PLC*, 1:12-cv-05567-RJD-MDG (E.D.N.Y. Nov. 8, 2013). In the course of meeting and conferring with Plaintiffs' counsel concerning the subpoena, Lufthansa asked how the information sought could possibly be relevant to a contract dispute between Plaintiffs and British Airways. Plaintiffs' counsel stated that information about Lufthansa's surcharges is relevant because British Airways is asserting defenses in the underlying litigation that are related to Lufthansa's surcharge practices. We then conferred with British Airways and were informed that British Airways is not asserting any defense in this action based on Lufthansa's surcharges and does not consider the information sought concerning Lufthansa's surcharges to be in any way relevant to any defense it is asserting.

Magistrate Judge Marilyn D. Go
March 6, 2015
Page 3

**WilmerHale**

Moreover, Plaintiffs' delay in seeking this information belies the notion that the information is important—or even relevant—to their contract claim. Plaintiffs first attempted to draw Lufthansa into this litigation in April 2014 when they served a subpoena to produce documents. In that subpoena, Plaintiffs requested, among other things, "[d]ocuments sufficient to identify the formula(s) or methodology" Lufthansa used to calculate its fuel surcharges. Ex. C. On May 2, 2014, Lufthansa replied with written objections to Plaintiffs' subpoena, objecting to production on a number of grounds, including lack of relevance. Ex. D. In the more than *ten months* that followed, Plaintiffs failed to undertake any follow-up with respect to the April 2014 subpoena. Instead, Plaintiffs waited until February 2015, just weeks before the close of discovery, to serve a second subpoena on Lufthansa, this time seeking deposition testimony on the same topics. By styling this new subpoena as one for deposition testimony instead of documents, Plaintiffs have forced Lufthansa to go to the trouble and expense of filing this motion to quash, rather than being able to rely on its previous objections.

As explained above, at best, Lufthansa's surcharge information is simply irrelevant. At worst, Plaintiffs are improperly using the discovery process in the *Dover* action as a means to identify future targets for suits. Plaintiffs' counsel's website suggests that they are doing just that. In its "Case Center," Plaintiffs' counsel encourages individuals to report their experiences with airline reward tickets to their firm. The website describes the claims in this case and states:

> We believe other airlines have imposed similar surcharges on their "free" award tickets. If you were charged large fees that an airline contended was [sic] related to the price of fuel when you redeemed frequent flier miles for a plane ticket, please use the contract form below to report your experience to us.

*Airline Fuel Surcharges and Fees on Reward Tickets*, Lieff Cabraser Heimann & Bernstein, LLP, http://www.lieffcabraser.com/Case-Center/Airline-Fuel-Surcharge.shtml (last accessed March 4, 2015). Ex. E.

Whatever its purpose, because Plaintiffs' subpoena would require compliance beyond Rule 45(c)'s 100-mile limit, and because the information sought is irrelevant to the subject matter of this litigation, Lufthansa respectfully requests that the Court quash Plaintiffs' subpoena in its entirety.[2]

Respectfully submitted,

*[signature]*

Eric Mahr
Counsel for Non-Party Deutsche Lufthansa Aktiengesellschaft

---

[2] Pursuant to Local Rule 37.3(a), undersigned counsel for Lufthansa conferred with counsel for Plaintiffs by telephone on February 20, 2015 and by email on a number of subsequent occasions to resolve this dispute, but was unable to do so. Lufthansa therefore moves to quash the subpoena.