

DLA Piper LLP (US)
1251 Avenue of the Americas, 27th Floor
New York, New York 10020-1104
www.dlapiper.com

Keara M. Gordon
keara.gordon@dlapiper.com
T  212.335.4632
F  212.884.8632

March 17, 2015

*VIA ECF*

The Honorable Marilyn D. Go
United States Magistrate Judge
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East, Room 1214-S
Brooklyn, New York 11201

Re: *Dover, et al. v. British Airways, PLC (UK)*, No. 12-cv-05567-RJD-MDG

Your Honor:

Regrettably, Defendant British Airways PLC ("BA") has been forced to ask for the Court's intervention in what should be a very straightforward request. With great incredulity, we write to report that the plaintiffs are refusing to provide BA with the names and contact information for counsel to certain of the third party airlines that the plaintiffs have subpoenaed in this matter, despite repeated requests for that information. (*See* Exhibit 1.) As a result, we ask that the Court order the plaintiffs to disclose that information immediately.

By way of background, the plaintiffs, after ten months of not pursuing discovery from third parties initially subpoenaed in April of last year, just last month resurrected their efforts to obtain irrelevant information from a variety of airlines. Because of the plaintiffs' failure to seek this information in a timely manner, the plaintiffs filed a motion to extend the discovery cut off from March 20 until April 17, to which BA objects and which motion is currently pending. Notwithstanding that the discovery cut-off remains March 20, BA has learned that the plaintiffs apparently scheduled two depositions for dates after the discovery cut-off and without providing BA with the courtesy of coordinating the dates with BA to ensure its availability.

BA repeatedly has asked the plaintiffs to provide contact information for the third parties, for two reasons. First, the plaintiffs' March 5 letter to the Court seeking an extension of discovery could be read to suggest that the third parties agree that the subpoenas seek information that is relevant and not burdensome and that the only issue that remains is scheduling. To the contrary, BA understands that certain of these airlines have objected, and maintain that the information sought is irrelevant and will impose undue burden upon the non-parties. BA further understands that some of these third parties are likely, if the discovery cut-off is extended to accommodate the subpoenas, to file motions to quash the subpoenas in whole or part. BA has a right to contact the remaining third parties to ascertain whether they (like BA) believe the information sought to be irrelevant and otherwise objectionable.



Magistrate Judge Marilyn D. Go<br>
March 17, 2015<br>
Page Two

Second, it has come to BA's attention that, as articulated in the motion to quash filed by non-party Deutsche Lufthansa Aktiengesellschaft on March 6, certain third parties may have been told that it is not the plaintiffs who believe the subpoenaed information to be relevant, but rather that BA has argued relevance, which is inaccurate. The plaintiffs should not be permitted to preclude BA from speaking with the third parties to ensure that BA's position is being properly conveyed.

As a result, BA respectfully (and regrettably) requests that the Court order the plaintiffs to disclose to BA the names and contact information for counsel for each third party from which the plaintiffs currently seek information.

BA is available to discuss this matter further with the Court at its convenience.

Respectfully Submitted,

DLA Piper LLP (US)

Keara Gordon/em

Keara M. Gordon

Cc: David Stellings
 Jason Lichtman