**Lieff Cabraser Heimann & Bernstein**
Attorneys at Law

Lieff Cabraser Heimann & Bernstein, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
t  212.355.9500
f  212.355.9592

March 18, 2015

Jason L. Lichtman
Partner
jlichtman@lchb.com

<u>VIA ECF</u>
The Honorable Marilyn D. Go, USMJ
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    RE: <u>Dover, et al. v. British Airways PLC</u>, No. 1:12-cv-5567

Your Honor:

  On March 5, 2015, Plaintiffs moved to extend third-party discovery by 28 days.  (*See* Dkt. 136.)  Since that time, BA has worked to impede Plaintiffs' subpoenas.  (*See* Dkt. 138 at 2 (demonstrating that BA provided inaccurate information to third-party Lufthansa).)  And BA has now filed a motion to demand that Plaintiffs provide it contact information for counsel to Qantas and United Airlines in another attempt to shut down third party discovery.  (Dkt. 144.)

  BA's motion could be denied solely because it is out of rule.  BA was required to confer with Plaintiffs, via telephone or in person, prior to filing this motion.  *See* Local Rule 37.3(a).  But BA did not do so, even though it filed its motion only moments after spending the day with Plaintiffs at a deposition.  (*Cf.* Dkt. 83 at 1 (referencing another motion from BA filed in violation of L.R. 37.3).)

  Even if BA's motion were not out of rule, however, Plaintiffs respectfully submit that it would need to be denied.  This is so for the independently sufficient reasons that Plaintiffs' seek relevant information from third-parties, that BA provides no legal authority in support of its motion (Plaintiffs are aware of none), and because BA seeks to use this information in a manner that violates black letter law.  Accordingly, Plaintiffs respectfully ask the Court to deny BA's motion.

**Plaintiffs' Subpoenas Seek Highly Relevant Information**

  Contrary to BA's contention, Plaintiffs seek relevant information from the third party airlines.  (*See* Dkts. 136, 139, 141.)  Indeed, during depositions that occurred last week, BA witnesses again confirmed both that BA based its fuel surcharges on the practices of specific competitors and that its partner airlines were involved in setting the fuel surcharge on BA routes.

  Plaintiffs expect third-party evidence to show that, even if BA had been permitted to set its fuel surcharge based on the actual practices of other airlines, BA's competitors did not engage in the same practices as BA.  Testimony from third-party airlines will thus both counter BA's

Honorable Marilyn D. Go
March 18, 2015
Page 2

statements regarding its competitors' fuel surcharges and demonstrate that, to the extent the term "fuel surcharge" should be understood with reference to industry use, BA's "fuel surcharge" did not comport with that usage. BA has never articulated why Plaintiffs should be barred from obtaining such evidence, particularly given that BA served requests for admission on Plaintiffs asking them to admit that BA was entitled to set its fuel surcharges based on its competitors.

### Plaintiffs Are Not Required to Provide Third-Party Contact Information

BA cites no law in support of its claim that Plaintiffs must disclose third-party contact information, and Plaintiffs are aware of none. Indeed, as explained more fully below, it would be sanctionable for BA to try to persuade third parties not to comply with Plaintiffs' subpoenas. *See, e.g.*, *Price v. Trans Union, L.L.C.,* 847 F. Supp. 2d 788, 794 (E.D. Pa. 2012); *Teri v. Oxford Mgmt. Servs.*, No. 05-cv-2777, 2008 U.S. Dist. LEXIS 117446, at *24 (E.D.N.Y. Sept. 30, 2008); *Fox Industries, Inc. v. Gurovich*, No. 03-5166, 2006 U.S. Dist. LEXIS 73035 (E.D.N.Y. Oct. 6, 2006).

Plaintiffs stress that they have fully complied with Rule 45, and BA's claim that Plaintiffs have not attempted to schedule depositions cooperatively with BA is false. On March 8, 2015, Plaintiffs wrote BA asking to coordinate "placeholder" dates for depositions of Delta Airlines and Alaska Airlines, both of whom have agreed to depositions next week should the court extend the discovery deadline. *See* Ex. A (3/8/15 emails). BA never responded to Plaintiffs' offers.

### BA Would Violate Rule 45 if it Used the Third-Party Contact Information to Discourage Compliance with Plaintiffs' Subpoenas

Plaintiffs did not provide BA with information for Qantas or United for the simple reason that BA has stated that it wants to contact third party airlines in order to influence whether they will resist the subpoenas. (*See* Dkt. 144 at 1 (BA hopes to "contact the remaining third parties to ascertain whether they (like BA) believe that the information sought to be irrelevant and otherwise objectionable.")

BA's proposed course of action is forbidden by black letter law: Rule 45 does not "contemplate[]that the adversary of the party seeking the information may advise, *no matter the reasons*, the person commanded by the subpoena to produce the information to ignore the subpoena's command." *Price,* 847 F. Supp. 2d at 794 (emphasis added). Put simply, any attempt by BA to dissuade a third party from complying with Plaintiffs' subpoenas would be "wrongful[] interfere[nce]" with the subpoena process." *Teri*, 2008 U.S. Dist. LEXIS 117446, at *24; *see also Robbins & Myers, Inc. v. J.M. Huber Corp.*, 2011 U.S. Dist. LEXIS 85195, 6-9 (W.D.N.Y. Aug. 3, 2011) (sanctioning a party for discouraging a third party from complying with a subpoena).

Providing BA third party contact information would create facts analogous to those faced by Judge Wall in *Fox Industries*, 2006 U.S. Dist. LEXIS 73035. In *Fox Industries*, the plaintiff served subpoenas on three non-parties. 2006 U.S. Dist. LEXIS 73035, at *4. Defendants

Honorable Marilyn D. Go
March 18, 2015
Page 3

believed that the subpoenas were a "wholesale fishing expedition" and wrote letters to non-parties requesting that the parties not produce any documents requested by the plaintiff. 2006 U.S. Dist. LEXIS 73035, at * 5-6. At least in part because of the defendant's letters, none of the three non-parties complied with the plaintiff's subpoenas. *See id*. Judge Wall sanctioned the defendant (who had claimed the subpoenas were legally invalid), explaining that "[i]t is the court's duty to rule on the validity of subpoenas and to direct the recipients to comply or not comply, not the attorney's, and [Defendants' counsel] has, simply put, usurped the authority of the court." *Id*. at * 27.

\*   \*   \*

Plaintiffs ask this Court to grant a 28-day extension of the third-party discovery deadline (Dkt. 136) and to deny BA's motion to disclose contact information for counsel to certain third party airlines (Dkt. 144).

Respectfully,

Jason L. Lichtman

David S. Stellings
Nicholas Diamand
Jason L. Lichtman
Douglas I. Cuthbertson

**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**

cc: All Counsel of Record

1222273.2