**Lieff**
**Cabraser**
**Heimann &**
**Bernstein**
Attorneys at Law

Lieff Cabraser Heimann & Bernstein, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
t  212.355.9500
f  212.355.9592

November 10, 2015

Jason L. Lichtman
Partner
jlichtman@lchb.com

**VIA ECF**

Honorable Raymond J. Dearie
United States District Judge
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 112017

      RE:    Defendant's opposition to Plaintiffs' motion for class certification.
               <u>*Dover, et al. v. British Airways, PLC (UK)*</u>, No. 12-cv-5567 (E.D.N.Y.)

Your Honor:

      After the close of business last Friday, BA produced new documents and data that it believes will support its opposition to Plaintiffs' motion for class certification.[1]  Plaintiffs respectfully ask this Court to preclude BA from basing any filing on this production, which directly violates the Court's scheduling orders.  *See Farmer v. Hyde Your Eyes Optical, Inc.*, No. 13-CV-6653 GBD JLC, 2015 WL 2250592, at *7 (S.D.N.Y. May 13, 2015) (setting forth the factors governing sanctions under Rule 37).

      BA has repeatedly disregarded this Court's orders.  It has:  (1) produced *seven* iterations of the key database in this case (the most recent this last Friday); (2) filed sur-reply reports from both of its testifying experts without leave to do so; (3) disclosed a "surprise" sur-reply testifying expert witness long after the close of discovery; (4) had that same surprise expert witness disclose what is best described as a sur-sur-sur reply opinion.  *Cf. Vallejo v. Santini-Padilla*, 607 F.3d 1, 8 (1st Cir. 2010) ("[R]epeated disobedience of a scheduling order is inherently prejudicial, because disruption of the court's schedule and the preparation of other parties nearly always results.").  BA has prejudiced Plaintiffs severely:

- Its conduct denies Plaintiffs the ability to properly plan and prosecute their case:  BA continually changes the evidence and creates never-ending "fire-drills."

- BA has cost Plaintiffs an enormous amount of time and money; e.g., Plaintiffs incurred hundreds of thousands of dollars in additional expert costs following BA's sur-replies.

---

[1] That opposition is due on Thursday, November 12.  BA was to substantially complete document production more than a year ago, by October 6, 2014.  (*See* 6/16/14 Order.)  The close of fact discovery was more than seven months ago, on March 20, 2015.  (*See* 10/23/14 Order).

Honorable Raymond J. Dearie
November 10, 2015
Page 2

- BA's conduct denies Plaintiffs the ability to depose witnesses effectively: BA repeatedly discloses (in the case of experts, "creates") new evidence during or after depositions.[2]

In short, Plaintiffs respectfully ask this Court to stop BA's repeated scheduling order violations so that it cannot continue to handicap Plaintiffs in this manner. *See, e.g.*, *S. New England Tel. Co. v. Global NAPs, Inc.*, 251 F.R.D. 82, 95 (D. Conn. 2008) (finding that Defendants' repeated violations of the court's scheduling orders prejudiced Plaintiffs, who had to conduct depositions without the benefit of Defendants' most recent document productions), *aff'd*, 624 F.3d 123 (2d Cir. 2010); *cf., e.g.*, *Vallejo*, 607 F.3d at 8 ("[D]isobedience of court orders, in and of itself, constitutes extreme misconduct . . . ." (citation omitted)).

### BA's repeated productions from the key database in this case prejudices Plaintiffs.

The most critical information in this case is housed in BA's customer database, which is known as the "ICW": it includes the actual fuel surcharges paid by customers, the routes flown, the dates of travel, and other key information. Before last week, BA had produced the ICW data six times since February 2014, frequently to produce additional information it had not initially produced. And when BA initially produced a 30(b)(6) witness to explain the ICW, he could not testify about some of BA's ICW production, forcing Plaintiffs to move for a second ICW deposition. (*See* Dkt. 148.) In July, three months after this second ICW deposition, BA again produced new ICW data (this time in support of an expert's report).

Last Friday, BA produced yet more ICW data, stating that it wanted to rely on the data to respond to Plaintiffs' class certification motion. *See* Ex. A (11/6/15 BA Production Letter). That is not a reason for *permitting* this seventh production, it is a reason for *excluding* it. Plaintiffs' straight-forward, 19-page class certification motion cites the relevant facts and the legal prerequisites to class certification. It is unlikely that it surprised BA such that BA suddenly realized that it needed some type of data it did not previously believe to be relevant to this litigation—certainly, it did not surprise BA last Friday after the close of business. As much to the point, BA should not be permitted to produce relevant data after the close of fact discovery and after two ICW depositions, thus denying Plaintiffs the ability to question BA about the data *prior* to spending many hundreds of thousands of dollars in expert costs analyzing and relying upon the ICW.

### BA's last-minute e-mail and calendar productions also prejudice Plaintiffs.

Last Friday, BA produced documents that include: (1) an email showing how BA documented competitors' fuel surcharge practices; (2) an email from BA's Commercial Director to BA's CEO attaching a fuel surcharge tracking document; and (3) calendar entries from BA "fuel surcharge committee meetings." *See* Ex. A.

---

[2] Beyond the fact that the depositions are less effective, it also is not possible from a time or cost perspective to depose a new half a dozen witnesses, almost all of whom are located in England.

Honorable Raymond J. Dearie
November 10, 2015
Page 3

BA has stated it intends to rely on these documents to oppose Plaintiffs' motion for class certification. These documents are highly relevant—the information on competitors, in particular, likely would have been very useful to Plaintiffs had it been timely produced. Setting aside the question of how BA apparently located these documents less than a week prior to filing its class certification opposition, fundamental fairness dictates that BA should not be permitted to rely on these documents given that Plaintiffs were not given the opportunity to question witnesses about them or provide them to experts for analysis and use. As much to the point, Plaintiffs respectfully submit that BA simply should not be intended to search for new evidence that might be helpful to it (but that it did not produce during discovery) every time BA decides that it could make use of some type of relevant evidence that it did not produce previously.

### BA's expert sur-reply reports, surprise expert disclosure, and expert sur-sur-sur reply disclosure have cost Plaintiffs hundreds of thousands of dollars.

BA's pattern of simply ignoring the Court's scheduling orders has already cost Plaintiffs hundreds of thousands of dollars. Plaintiffs incurred these expenses when BA: (1) submitted expert sur-replies not permitted under the Court's scheduling order (*see* 1/9/15 Scheduling Order); (2) introduced a new sur-reply expert (Dr. Andrew Hildreth) long after the deadline for expert disclosure had past (after deposing one of Plaintiffs' experts and trying unsuccessfully to surprise him with BA's then undisclosed expert's testimony); (3) submitting what can best be described as a sur-sur-sur-reply from Dr. Hildreth.[3] Indeed, Plaintiffs respectfully submit that the forthcoming *Daubert* briefing will demonstrate that the Court would be within its discretion to assess BA for the costs associated with responding to Dr. Hildreth because his testimony does not even rise to the level of junk science.

### BA should not be permitted to continue to introduce new evidence.

BA has repeatedly introduced new evidence whenever it would like and for whatever reason it chooses. As explained above, BA's conduct prevents Plaintiffs from prosecuting their case effectively and efficiently: it also reduces the amount available in any class recovery. This needs to end, and Plaintiffs respectfully ask the Court to draw the line to preclude BA from relying on the data and documents that it produced last Friday.

Respectfully Submitted,

Jason L. Lichtman

---

[3] BA may respond that Plaintiffs agreed to a new expert schedule *after* BA violated the Court's scheduling order. This is true, but irrelevant. Plaintiffs could not permit BA to put its extensive sur-reply material before the Court without having an opportunity to respond to it. It is for this reason that Plaintiffs agreed to the new schedule, and BA's sur-reply disclosures are nevertheless part of BA's pattern of disregarding court orders.